## JUNG ET AL. *vs.* DORIOCOURT ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Evidence may be received to show that a woman of color, who claims under a will, is the adulterous bastard of the testator.

Article 31 of the Civil Code, which points out the mode for the proof of natural paternal descent, relates only to illegitimate children susceptible of being legally acknowledged, and not to adulterous bastards.

Where defendants sever in their pleas, although the plaintiffs' incapacity to inherit be shown by some of them, it will not avail those who have neglected to plead the incapacity.

Francis Bernoudy, by his last will, among other dispositions, gave to the plaintiff, f. w. c., and her four children, the sum of one thousand dollars each. One of the children having

EASTERN DIS.
June, 1832.

JUNG ET AL.
vs.
DORIOCOURT
ET AL.

died, this suit was brought by the mother and her three sur-
viving children, to recover from the defendants (heirs of the
testator), the legacies given to them by the will; and also, to
recover the legacy given to the deceased child.

A plea to the jurisdiction of the court having been put in
and overruled, the defendants answered that the plaintiffs
were not the persons described in the will; and they further
alleged, that the legacies left to the plaintiffs exceeded the
disposable portion. Two of the defendants, in a separate
answer, alleged additional matter, to wit: that the first named
plaintiff, the mother of her coplaintiffs, was the adulterous
offspring of the testator, and consequently, incapacitated, as
well as her children, from recovering a legacy under the will
of her natural father.

On the trial of the cause, the counsel for the defendants
offered testimony to show that the plaintiff was a bastard
child of the testator. To the admission of which, the plaintiffs
by their counsel, objected on the following grounds. 1. That
parole testimony of that fact was not admissible. 2. That
the evidence, if admitted, should be expressly confined to
such of the defendants as had pleaded that fact in their
answer. The court having admitted the evidence without
qualification, the plaintiffs took their bill of exceptions; and
the fact of bastardy having been established, there was judge-
ment for the defendants, and the plaintiffs appealed.

*Conrad* and *Buchanan*, for appellants, made the following
points:

1. The defendants have no right to prove the descent of the
plaintiffs by parole evidence, or by any other means than the
written act of acknowledgement of their parent. Because,
first, the *recherche de paternité* is a privilege accorded to the
illegitimate child, to enable him to obtain an alimony, and
cannot be used against him. Old *C. C. p.* 50, *arts.* 30–1.

2. Because the plaintiffs are people of color, and if they
are the children of the testator, they are alleged to be his
adulterous offspring. Old *C. C. art.* 16, *p.* 49. *Id. art.* 30, *p.* 50.

EASTERN DIS.
*June,* 1832.

JUNG ET AL.
*vs.*
DORIOCOURT
ET AL.

3. Supposing the fact of their being the illegitimate offspring of the testator to have been conclusively shown, it is not sufficient, because those illegitimate children only who have been acknowledged by their parents are incapacitated by law from receiving donations from them. Old *C. C. p.* 249, *art.* 4. *Merlin, Questions de Droit, verbo Paternité.*

4. The allegation of bastardy can only avail those of the defendants who set it up as a defence.

5. One of the defendants has admitted the claim of the plaintiffs and is bound by that admission.

*Dennis* and *Derbigny, contra.*

MARTIN, J., delivered the opinion of the court.

The plaintiff, Jung, and the other, her children, claim legacies under the will of the defendants' ancestor.

The latter pleaded that the court was without jurisdiction, because they were beneficiary heirs. The plea was overruled and, in our opinion, correctly. It is true that they had obtained time to deliberate whether they would become beneficiary or absolute heirs; but without expressing any determination thereon, they proceeded to the liquidation and partition of the estate, and have suffered fifteen years to elapse.

The plea being overruled, was followed by two separate answers.

The first, which is that of three or four of the defendants, has the following pleas: 1. The plaintiffs' description of themselves in the petition, does not correspond with that of the legatees in the will. 2. The plaintiff, Jung, was not, as is alleged, married to Villeneuve Leblanc. 3. The plaintiff, Passage, is not authorized to sue. 4. The action is premature. 5. The legacies are reducible. 6. The general issue.

The second answer, which is that of the heirs of the fifth defendant, contains a further plea, viz: That the plaintiff, Jung, is the adulterous bastard of the testator, and the other defendants are her children, and, therefore, neither has the capacity of inheriting from him.

23

There was judgment against the plaintiffs, and they appealed.

Jung et al.
vs.
Doriocourt
et al.
We have examined the last plea in the second answer first, as it is the most important; as it appears that if the decision of the first judge thereon is correct, there will be no necessity of examining the others.

By a provision of our law, bastards, adulterous or incestuous, even duly acknowledged, shall not enjoy the right of inheriting from their natural father or mother, in any of the cases in which other natural children are allowed to inherit from their natural parents. The law allowing them nothing more than mere alimony.   C. C. p. 156, art. 46.

Every disposition in favor of a person incapable of receiving, shall be null, whether it be disguised under the form of onerous contract, or made under the names of interposed persons.

The father and mother, the children and dependants, the husband and the wife, of the incapable person, shall be reputed incapable persons.   Id. 212, art. 17.

It is, therefore, clear, that if the facts pleaded, be established, the plaintiff, Jung's claim, must be rejected as that of an adulterous bastard, and that of the other plaintiffs, her children, as that of interposed persons.

Evidence may be received to show that a woman of colour, who claims under a will, is the adulterous bastard of the testator.
But it has been urged that the plaintiff, Jung, is a woman of colour, and as persons of this kind are not allowed to prove their natural paternal descent, when they have not been legally acknowledged, it follows that their natural paternal filiation cannot be proved against them; and, therefore, proof of this filiation ought not to have been received; and if it could, it must have been confined to such evidence as could have been legally received, of paternal natural descent.

Illegitimate children, who have not been legally acknowledged, may be allowed to prove their paternal descent, provided they be free and white.   Id. p. 50, art. 30.

It is very clear that the object of this proviso, is to exclude illegitimate coloured children from any right in their natural father, who has not acknowledged them.   The means is prescribed with the view of prescribing the end.

This plaintiff was not, could not be legally acknowledged, as she was an adulterous child. *Id. p.* 48, *art.* 26. As such she might be allowed alimony; but had she claimed it, and her paternal descent been denied, she would have failed, as the law disabled her, as a woman of colour, from proving her paternal descent.

EASTERN DIS. June, 1832.

JUNG ET AL. vs. DORIOCOURT ET AL.

She claims not alimony, but an inheritance; from this, if she be an adulterous child, the law, as we have seen, excludes her. The heirs seek the protection of the law, and allege her incapacity to inherit, and the question before us is, whether we are to say, this protection must be claimed in vain, because the law forbids proof of this incapacity.

She is under a double incapacity, as an illegitimate child of colour. She cannot successfully claim any thing from her natural father or his heirs, if her descent be denied, because the law has said she cannot prove it: as an adulterous child, she cannot inherit.

Both these incapacities are privileges of the heirs, which the court must, when called on, enforce; and the final question is simply, whether, from the interdiction of proof of paternal descent, in the first case, to the coloured person, it be interdicted to the heir in the second. We think we are bound to solve the question in the negative. The interpretation which leads to the affirmative, would be Lord Coke's "cursed interpretation which corrodes the text." It would lead to the absurd proposition, that although the plaintiff cannot claim alimony from the heirs, she might the estate.

It must, however, be admitted that it has been shown, that the tribunals of France gave to the *article* 908 *of the Napoleon Code*, a construction, under which they protect illegitimate children from the legal incapacities under which they labor, by allowing them to resist, in certain cases, the introduction of evidence of their illegitimacy. *Sirey*, 1809, 2, 310–11. *Id.* 1810, 1, 272. *Id.* 1817, 1, 191. *Id.* 1818–19, 1, 244 *Locrè Esprit des Codes, livre* 4, *titre* 7, *ch.* 3, § 1. *Merlin, Questions de Droit verbo Paternité.*

Eastern Dis.
June, 1832.

JUNG ET AL.
vs.
DORIOCOURT
ET AL.

A part of the population of this state has been placed by law under certain disabilities and incapacities, from which it is not the province of courts of justice to relieve them. Cases of bastardy, of very rare occurrence in France, are, unfortunately, much more frequent among us. The decisions of no tribunal in France are binding upon us, and these are very important considerations which impose on our courts a stricter observance of the laws relative to illegitimate children, especially those of colour.

We are of opinion that the District Court did not err in admitting evidence of the plaintiff Jung being the testator's adulterous bastard.

But the plaintiff's counsel has contended, that such a proof could legally be made in one of the modes prescribed by law for the proof of natural paternal descent. *C. C.* 50, *art.* 31. These are private writings, in which the father may have acknowledged the bastard as his child, or may have given him that name. The public or private acknowledgement of the child by the father, conversations in which he called him his child, or his having caused him to be educated as such, the residence of the mother as the concubine of the father in his house, when the child was conceived.

It has appeared to us that this part of the code relates only to illegitimate children susceptible of being legally acknowledged by the father, and not to adulterous or incestuous bastards, who cannot be legally acknowledged. The object of the law being to protect heirs from the too great fondness of the natural parents of such children.

On the merits, it has appeared to us, that the proof made by the defendant has fully established that the plaintiff Jung is the adulterous daughter of the testator, and the other plaintiffs, her children; it therefore follows, that the pleas must be sustained.

The counsel of the plaintiffs has, however, contended, that it cannot avail the defendants who have not made it; that by forbearing to plead the incapacity, these defendants have

Article 31 of the CivilCode, which points out the mode for the proof of natural paternal descent, relates only to illegitimate children susceptible of being legally acknowledged, and not to adulterous bastards.

Where defendants sever in their pleas, although the plaintiffs' incapacity to inherit be shown by some of them, it will not avail those who have neglected to plead the incapacity.

waived any advantage they might derive from it, and it was lawful for them to do so, and they are bound by the waiver.

The counsel of the defendants has replied, that although they have severed in their pleas, the plaintiffs have proceeded to trial at once against all the defendants, and there has been but a judgement against all. That the plaintiff's incapacity to inherit being shown by some of the defendants, the court was bound to consider it as existing with regard to all; that the incapacity is introduced in support of religion and morality, and it is *contra bonos mores* that it should be avoided.

We are of opinion that the incapacity must be pleaded, and the judges cannot supply it, and the law has restricted the proof of it.

The exclusion either for cause of incapacity or unworthiness, shall not be sued for, other than by the relations or the parties interested in the succession of the estate. *Id.* 160, *art.* 70.

We, therefore, conclude, that the three defendants who have neglected to plead the incapacity, cannot claim any advantage from it.

This renders it necessary to examine these pleas.

1. The plaintiffs have duly proved that they are the persons mentioned in the will.

2. It has appeared to us, that it is quite unimportant to inquire, whether the plaintiff Jung be actually married to Villeneuve Leblanc.

3. We find that the plea of the want of authorization of the plaintiff Passage, is sustained, and the suit must be dismissed as to her.

4. The suit does not appear to us premature.

5. The reducibility of the legacies cannot be claimed, because the defendants never made their option to accept as beneficiary, and disposed of the estate as absolute heirs.

6. The plea of the general issue is found against these defendants.

The plaintiffs claim, altogether, five legacies of one thousand dollars each. The heirs of F. Doriocourt, one of the

EASTERN DIS.
June, 1832.

JUNG ET AL.
vs.
DORIOCOURT
ET AL.

defendants, having succeeded in establishing the plea of adulterous bastardy, her proportion, *i. e.* one third of that sum, is to be deducted, or one thousand six hundred and sixty-six dollars and sixty-six cents and. two-thirds, leaving a balance of three thousand three hundred and thirty-three dollars and thirty-three cents, one fourth of which is to be deducted as the share of the plaintiff, Passage, who has not proven that she was authorized by her husband to sue; *i. e.*, eight hundred and thirty-three dollars and thirty-three cents, leaving a balance to be recovered by the three other plaintiffs, a sum of two thousand five hundred dollars, or eight hundred and thirty-three dollars and thirty-three cents and one-third by each.

There were originally three heirs of the testator, viz: F. Doriocourt, E. Bernoudy, and A. & B. Leblanc, representing their deceased mother, a sister of the other two heirs.   Pending the suit, F. Doriocourt died, and her representatives having successfully opposed the plea of adulterous bastardy, are out of court.   Bernoudy, the brother of F. Doriocourt died, and his two heirs, F. & E. Bernoudy, have been brought in; and with A. & B. Leblanc, the heirs of their father's brother, are chargeable by equal portions of the sums recovered by the three plaintiffs, and are to have one-fourth thereof each.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and reversed, and that there be judgement of nonsuit against the plaintiff Passage, with costs in both courts, and in favor of the defendants, heirs of F. Doriocourt, with costs also in in both courts, and that each of the three other plaintiffs do recover from each of the other four defendants, A. Leblanc, B. Leblanc, E. Bernoudy, and F. Bernoudy, the sum of two hundred and eight dollars and thirty-three cents and one-third, with costs in both courts.