EASTERN DIST.
*March*, 1840.

ROBINETT ET AL. *vs.* VERDUN'S VENDEES.

ROBINETT ET AL.
*vs.*
VERDUN'S
VENDEES.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, FOR THE PARISH OF TERREBONNE, THE JUDGE THEREOF PRESIDING.

Children of color (from a white person) are not allowed to prove their paternal descent when they have not been legally acknowledged; but this may be shown by proof against them, by the adverse party, in order to annul a sale made to them as a disguised and simulated donation to incapable persons.

So, children of color (from a white person) unacknowledged, cannot inherit or receive by donation *inter vivos* or *mortis causa*, even one fourth of the ancestor's estate; and, if by a disguised sale or donation, an attempt is made to give them a greater amount of property than can be legally disposed of, it is not reducible to the disposable portion, but absolutely null.

Colored children of a white person, not acknowledged by him, are incapable of receiving any thing by inheritance or otherwise.

This is an action instituted by the heirs and legal representatives of Alexander Verdun, deceased, to cancel and annul sundry sales of tracts of land in the parish of Terrebonne, made by the said Verdun to Jean Baptiste Gregoire, and six or seven other colored persons, alleged to be his illegitimate bastard children.

The plaintiffs show, that they are the collateral and legal heirs of said Verdun, and allege that said sales are fraudulent and simulated, being made as disguised donations to illegitimate colored bastard children, and not acknowledged. They pray that these sales be cancelled, and that they be declared owners of the property by inheritance.

The defendants resisted the plaintiffs demand by a general denial; and denied specially that they were the illegitimate, or bastard children of Alexander Verdun, deceased, and that the plaintiffs could not be allowed to prove or offer evidence of this fact, and that said sales were valid in law; that the plaintiffs were without any cause of action, and are not the legal heirs of Alexander Verdun.

Upon these pleadings and issues the cause was tried.

On the trial, the plaintiffs proved their heirship, and produced the several acts of sale from Alexander Verdun to the defendants. Evidence was then offered to prove that the defendants were the illegitimate bastard children of Verdun, to which their counsel objected as inadmissible ; but it was received, and they took a bill of exceptions.

EASTERN DIST.
*March*, 1840.

ROBINETT ET AL.
*vs.*
VERDUN'S
VENDEES.

The judge was requested to charge the jury, that if by the evidence the sales to the defendants consisted of more than the vendor was legally authorized to dispose of in their favor, that they were, nevertheless, not null ; but that the value of the disposition should be reduced to the disposable portion. The court refused, and the defendants took a bill of exceptions.

The jury returned a verdict for the plaintiffs against all the defendants, except J. B. Gregoire ; and found in his favor. The other defendants appealed.

*Splane*, for the plaintiffs and appellees, insisted that the judgment should stand. It was clear the defendants were not capable of receiving any disposition in their favor, either *inter vivos* or *mortis causa* : *Louisiana Code*, 1478 ; *Civil Code of 1808*, 212, *article* 17. 1 *Louisiana Reports*, 495.

*Miles Taylor*, for the defendants, contended,

1st. A donation made under the disguise of an onerous contract with the design to extend the liberality of the donor beyond what the law allows him to dispose of, is not null, but reducible to the disposable portion, and the charge of the court to the jury on the trial, that it was absolutely null, was erroneous : *Paillet, note book 3, article* 920, Trahan *vs.* M'Manus, 2 *Louisiana Reports*, 215. *Toullier, l. 3, tit. 2, No.* 172, 85, 176; *Toullier, l. 3, tit. 3, De C. No.* 164.

2d, An act cannot be attacked as simulated until it is shown that the simulation is hurtful to the rights of a third person ; and a gratuitous disposition of property can only be reduced when it extends the disposable portion, and, as a necessary consequence, no judgment in relation to the one or the other can be given, until the person seeking to destroy

Eastern Dist.
March, 1840.

ROBINETT ET AL.
vs.
VERDUN'S
VENDEES.

the act, or reduce the disposition, has shown the amount of the donor's property at his decease : 3 *Toullier*, *No.* 161 ; 12 *Martin*, 70, 255 ; *Louisiana Code*, 1489, 1491, 1480, 1474, 1492 ; Johnson *vs.* Davidson, 6 *Martin*, 506.

3d. The proof of the descent of free illegitimate children of color from a white father, is prohibited by our law, and testimony was improperly admitted on the trial to prove it. *Napoleon Code*, 331, 334, 340, *and note d.*; *Paillet*, 341, 342, 203, 205, 757 ; 1 *Toullier*, *No.* 972, 976 ; *Paillet, note d. No.* 2, 340 ; *note a. No.* 2, 762 ; *note d. No.* 2, 3, 340 ; *Duranton, volume* 3, *No.* 205–6–7, 242, 233 ; *volume* 7, *No.* 238, 239 ; *Merlin's Reports* : *tit. Filiation, volume* 17, *article* 335, 342 ; 343, *volume* 18 *; Louisiana Code*, 234, 898, 254, 212, 221, 222, 226, 256, 258, 220, 200, 912, 913.

4th. If the defendants are the illegitimate children of Alexander Verdun, they are capable of receiving by donation from him to the whole amount of his property : *Louisiana Code*, 1456, 1483, 1470, 1473, 1475, 221, 199, 200, 201, 202, 220, 254, 916, 917, 912, 913, 914, 916, 918, 921, 911, 915, and 917.

5th. A sale is not null because the vendee does not appear in the act and accept it, or because made to a minor. Baudin *vs.* Roliff, 1 *Martin, N. S.* 165 ; 11 *Martin*, 217 ; 3 *Toullier, No.* 196.

*Simon, J.*, delivered the opinion of the court :

This is a suit instituted by the legal heirs of Alexander Verdun, against the defendants, who are free people of color, for the purpose of annulling certain acts of sale and recovering sundry tracts of land sold to defendants by the deceased, on the ground that said defendants are the illegitimate bastards of the deceased ; that, therefore, they are incapable of receiving from him by donations *inter vivos* or *mortis causa ;* and that the said acts of sale were passed with a view to cover disguised, simulated, and illegal donations, made under the form of onerous contracts.

The defendants pleaded the general issue, denied specially the heirship of the plaintiffs, and further averred, that the

plaintiffs could not be allowed to attempt to prove the facts <span>EASTERN DIST.</span> by them alleged, and had no right of action under the <span>*March,* 1840.</span> allegations set forth in their petition.

<span>ROBINETT ET AL.<br>vs.<br>VERDUN'S<br>VENDEES.</span>

This case was submitted to a jury, who found a verdict for the plaintiffs against all the defendants but one, named Jean B. Gregoire, and after an unsuccessful attempt to obtain a new trial, the defendants appealed.

Our attention is first called to a bill of exceptions taken by the defendants to the opinion of the District Court, allowing the plaintiffs to prove by parole evidence, that the defendants, who are free people of color, are the illegitimate children of the deceased Alexander Verdun, a white person ; and it is contended, that the descent of free illegitimate persons of color, from a white person, is prohibited by law.

This court decided, in substance, in the case of Jung et al. *vs.* Doriocourt et al, 4 *Louisiana Reports,* 177, on a question very similar to the present one, that although children of color (from a white person) are not allowed to prove their natural paternal descent, when they have not been legally acknowledged, it does not follow that their natural paternal filiation cannot be proved against them. " A contrary interpretation," says this court, " would lead to the absurd proposition, that although the plaintiffs, (who have not been duly acknowledged) cannot claim alimony from the heirs at law, they might get the whole estate." It is true that the case above referred to was decided under the old Civil Code, which, though containing provisions very much alike, the Louisiana Code does not declare in positive terms, (*article* 221 *of the new code*) that " no other proof of acknowledgment, (that prescribed by the article) shall be admitted *in favor* of children of color." The very expressions of this article in favor of, seem to show, in our opinion, that the intention of the legislature, by adding the proviso to the article of the old code, was to exclude the other proof of acknowledgment specially and only when it was offered in favor of children of color, and that, under the known principle of law, *inclusio unius est exclusio alterius,* if the proof is not to be admitted in favor of children of color, when they

EASTERN DIST.
*March*, 1840.

ROBINETT ET AL.
*vs.*
VERDUN'S
VENDEES.

Children of color (from a white person) are not allowed to prove their paternal descent when they have not been legally acknowledged; but this may be shown by proof against them, by the adverse party, in order to annul a sale made to them, as a disguised and simulated donation, to incapable persons.

attempt to establish their natural paternal descent, it should be received against them in favor of third persons, particularly when in opposition to the true object of the law, it is pretended that the absence of a legal acknowledgment ought to afford them a greater advantage, and more extensive rights than if they had been duly acknowledged.

We have been referred to several very respectable French authorities, to show that in France, illegitimate children are often protected from their legal incapacities, and that they are allowed to resist, in certain cases, the introduction of evidence of their illegitimacy. Hence, it is contended, that the articles of our code on this subject, being mostly taken from the French Code, it is proper that we should consult and even follow the opinions of the French jurists and commentators. This court has always been disposed to show the greatest respect to foreign writers on law and jurisprudence, and to the decisions of their courts, whenever the principles and rules by them established were in accordance with the spirit of our laws and the object of our institutions; but, in a case like the present one, it will be conceded that we are to decide the question for ourselves, and it will not be amiss to remark again, in the language of this court in the case of Jung *vs.* Doriocourt, that "a part of the population of that state has been placed by law under certain disabilities and incapacities, from which it is not the province of courts of justice to relieve them; and that there are very important considerations which impose on our courts a stricter observance of the laws relative to illegitimate children, especially to those of color."

We think, therefore, that the District Court did not err in permitting the plaintiffs to prove that the defendants are the illegitimate children of the deceased.

The decision of this question leads us to another bill of exceptions taken to the opinion of the district judge, who refused, on being requested by defendants' counsel, to charge the jury that "if they were of opinion that the acts of sale made by Alexander Verdun to the defendants, were simulated and made with the design to give them a greater

amount of property than could be legally disposed of in their favor, that, in that case, they were not null, but reducible to the disposable portion." And, it is urged before us, that if the defendants are shown to be the illegitimate issue of Alexander Verdun, they are capable of receiving one fourth of his property : this appears to us to be a *non sequitur*, and we cannot agree with the defendants' counsel in this proposition ; for, it does not certainly follow that because his clients have been proven to be the unacknowledged illegitimate children of color of the deceased, they should be allowed the rights and capacities of those that have been duly acknowledged. It is clear that under the articles of 1470 and 1473, of the Civil Code, the defendants could not set up a claim to any part of the succession of their natural father, without showing that they have been acknowledged by him in the only mode prescribed by law ; and we are unable to perceive any reason why, in this case, they should be placed on an equal footing with duly acknowledged natural children of color. It appears to us, also, very clear, that the object of the law, *Louisiana Code, article* 226, is to exclude illegitimate colored children from any right in the estate of their white natural father, by whom they have not been duly acknowledged, and that they can only set up such right, when their father is a man of color.

We think that the district judge did not err, in refusing to charge the jury as prayed for by the appellants' counsel.

On the merits of the case, we are of opinion that, the laws that allow to natural colored children from a white father, the right of claiming alimony from his heirs, and even to receive a part of his inheritance in certain cases, by donations *inter vivos* and *mortis causa*, when they have been duly acknowledged; have denied them the capacity of receiving any thing from him, when they have not been acknowledged. Were it otherwise, the object of the law would be easily evaded, and it would suffice to avoid making a direct legal written acknowledgment, to give to that class of our population, not only equal, but more extensive rights and capacities than are allowed to our white citizens; for, although known to

*Margin notes:*

Eastern Dist.
*March,* 1840.

ROBINETT ET AL.
*vs.*
VERDUN'S
VENDEES.

So, children of color (from a white person) unacknowledged, cannot inherit or receive by donation, *inter vivos* or *mortis causa*, even one-fourth of the ancestor's estate ; and if, by a disguised sale or donation an attempt is made to give them a greater amount of property than can be legally disposed of, it is not reducible to the disposable portion, but absolutely null.

Colored children of a white person, not acknowledged by him, are incapable of receiving any thing by inheritance or otherwise.

EASTERN DIST. the world and openly declared as the illegitimate issue of a
*March*, 1840. white man, they would be considered as strangers to the family
RIGHTOR ET UX. in the legal sense of the word, and as such would become capa-
*vs.* ble, to the whole extent of the law, of receiving from their
WINTER. white father, donations *inter vivos* and *mortis causa*, to the
prejudice and even exclusion of his legal heirs.    This our
laws have never contemplated.

Under this view of the question, we think the district
judge did not err in his charge to the jury; and, on a care-
ful examination of the evidence adduced by the plaintiffs,
we are of opinion that the jury came to a correct conclusion
in annulling the sales and considering them as disguised and
simulated donations, made to incapable persons.

That part of the verdict of the jury and of the judgment
of the lower tribunal, relative to the sale made to Jean
Baptiste Gregoire, standing unappealed from; and the plain-
tiffs not having in their answer prayed that it be amended, is
consequently not revised or disturbed in this decision.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court, be affirmed, with costs.

*Bullard, J.,* did not join in this decision, having been of
counsel.