## JOBERT et al. *v.* PITOT, Executor &c.

The testimony of witnesses is admissible to prove that a person, alleged to be the mother of a
child, presented the child to the priest for baptism and declared herself to be its mother,
though the certificates of birth and baptism of the child had been previously offered in
evidence, by the same party, to prove the same facts.

The acknowledgment of an illegitimate child, which the law requires to be made before a no-
tary in the presence of two witnesses, when not made in the registry of birth or baptism,
is that of the father. Illegitimate children may prove their natural maternal descent, and
the acknowledgment of their mother, by any legal evidence.  C. C. 221, 230.

In an action by the father and sister of a testatrix against her executor, to annul a testament by
which an acknowledged natural child was made her universal legatee, letters of the testatrix
are inadmissible, where the father had remained unknown, to show that the instituted heir
was an adulterous bastard child.  Natural paternal descent could not be proved against the
heir in such an action.  *Per Curiam:* We do not mean to say that the acknowledgment of
the mother is an absolute title against her legitimate heirs; but, as she was free, they can
only oppose to it that it is false, or made in fraud of their rights.

The heirs of the father and mother will not be allowed to prove that a child, acknowledged
by a father who was free, was an adulterous bastard on the side of its mother, who had re-
mained unknown.  This is equally true, where the mother has acknowledged the illegiti-
mate child, and the father is unknown.

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J.*
*Blache*, for the appellants. *Denis*, for the defendant. The judgment of
the court *(King, J. absent,)* was pronounced by

ROST, J. This action is brought by the father and sister of *Marie Adeline Jobert,*
deceased—one as forced heir, the other as heir at law—to set aside her will,
on the ground that the universal legatee therein named, is the adulterous bas-
tard child of the testatrix on the side of his father, and as such incapable of
taking by will any thing more than alimony, and such a sum as may be necessary
to instruct him in a profession or trade. There was judgment in favor of the
defendant, and the plaintiffs have appealed:

On the trial below, the defendant's counsel having introduced in evidence the
certificates of birth and of baptism of the instituted heir, representing him to be
the son of the testatrix and of a father unknown, further offered a witness to
prove that the testatrix was present at the baptismal ceremony, that she present-
ed the child to the priest, declared herself to be the mother of it, and held it in
her arms during the ceremony. The plaintiffs opposed the introduction of this
testimony, on the ground that no parol evidence could be received against or

JOBERT
v.
PITOT.

beyond what is contained in the acts of birth and baptism, and that it was also inadmissible to prove the acknowledgment of the child by his mother. These objections were overruled, and the plaintiffs excepted to the opinion of the court.

We are of opinion that the evidence was properly admitted. The acknowledgment of an illegitimate child, which the law requires to be executed before a notary in presence of two witnesses, when it has not been made in the acts of birth or baptism, is that of the father. Illegitimate children may prove their natural maternal descent, and the acknowledgment of their mother, by any legal evidence. C. C. 221, 230.

The plaintiffs' counsel then offered in evidence letters alleged to have been written by the testatrix, whose hand writing and signature thereto they, at the same time, offered to prove, in order to show that the instituted heir is the adulterous bastard child of the deceased, in the manner alleged in the petition. The counsel for the defendant objected to the introduction of this evidence, on the ground that natural paternal descent could not be proved against him in this suit, and the court, having sustained the objection, the plaintiffs took a bill of exceptions.

At the time of the conception and birth of the legatee, his mother was free, and it is proved that he has been acknowledged by her. The plaintiffs, as heirs of the mother, seek, as already stated, to annul her will in his favor, on the ground that, at the time of his conception and birth, his father, who has heretofore remained unknown, was a married man.

This case materially differs from those of *Jung* v. *Doriocourt*, 4 La. 175, and *Robinet* v. *Verdun*, 14 La. 542. In both of these cases the legatees were children of color, and the plaintiffs claimed as heirs of the father, who was a white man. Had the claims been made by the legal heirs of the mother, as in this case, we presume the decisions would have been otherwise. We do not mean to say that the acknowledgement of the mother is an absolute title against her legitimate heirs. But as she was free, they can only oppose to it that it is false, or made in fraud of their rights. They cannot be permitted to attenuate its force, or to change its results, by going into a scandalous inquiry of matters *en pais*, not personal to the testatrix. "Les héritiers du père et de la mère peuvent combattre la reconnaissance, à l'ouverture de leur succession. Mais ils ne pourront demander à prouver qu'un enfant reconnu par un père libre est adultérin, du côté de sa mère, restée inconnue." 2 Toullier, no. 966. This proposition appears to us equally true when the mother has acknowledged the illegitimate child, and the father is unknown.

We conclude, therefore, that the evidence offered was properly rejected by the court.

The testatrix having left no legitimate descendants, her natural child could acquire from her by donation *mortis causâ* the whole amount of her succession; and the act of her last will being in due form, our judgment must be in his favor. C. C. 1471. *Judgment affirmed.*