PONDER, Justice.
 

 The plaintiffs, Martha Hunter Lee and Lucy Hunter Williams, sisters of Philip Hunter, deceased, brought suit against Charlotte Huston Hunter, testamentary executrix of the Succession of Philip Hunter and natural tutrix of her minor children, Dorothy Hunter, Valery Hunter,, Ailiena Blunter, and Albertha Hunter, seeking to set aside the nuncupative will under private signature of Philip Hunter. The plaintiffs are appealing from the judgment of the lower court dismissing their suit.
 

 From the evidence, it appears that Philip Hunter, though twice married, left no descendants. However, it is admitted that he was the father of Landry Benton, known as Landry Hunter, an adulterous bastard.
 

 The defendants herein, Dorothy Hunter, Valery Hunter, Ailiena Hunter, and Albertha Hunter,, appearing through their natural tutrix, are the issue of Landry Hunter’s marriage with Charlotte Huston Hunter.
 

 On December 21, 1937, Philip Hunter made a last will and testament in the nuncupative form under private signature, naming Dorothy Hunter, Valery Hunter, Ailiena Hunter, and Albertha Hunter, children of Landry Hunter and Charlotte Huston Hunter, as his ■ residuary legatees. Landry Hunter, the adulterous bastard, died prior to the confection of the will.
 

 The plaintiffs contend that because Landry Hunter, the adulterous son of the testator, was incapacitated to receive under the will, his children, even though legitimate, likewise could not receive under the will, citing Article 1491 of the Revised Civil Code. This article provides as follows :
 

 
 *251
 
 “Every disposition in favor of a person incapable of receiving, shall be null, whether it be disguished under the form of an onerous contract, or be made under the name of persons interposed.
 

 “The father and mother, the children and descendants and the husband or wife of the incapable person, shall be reputed persons interposed.”
 

 Counsel for the plaintiffs and counsel for the defendants point out that this Court has never passed on this question.
 

 From a mere reading of Article 1491 of the Code, it is apparent that this codal article is drawn to prevent persons incapable of receiving a'disposition from inheriting through persons interposed for that purpose.
 

 At the time the will was confected, the adulterous son was dead, and no occasion presented itself for the testator to attempt to dispose of his property in favor of Landry Hunter through interposed persons.
 

 Moreover, if Landry Hunter were presently alive, the disposition made in favor of his children would, under Article 1491 of the Code, merely create a presumption that the children were persons interposed. The codal article states: “shall be reputed persons interposed.” This is not a conclusive presumption that cannot be rebutted.
 

 “The word ‘reputed’ means considered, or generally supposed, or accepted by general or public opinion. 34 Cyc. 1625; Black’s Law Dic. 1022; [Santa Cruz Rock] Pav. Co. v. Lyons [5 Cal.Unrep. 260], 43 P. 599.” Bowman v. Howard, 182 N.C. 662, 110 S.E. 98, 100. Also see, Lowell Hardware Co. v. May, 59 Colo. 475, 149 P. 831, 833; Vol. 37, Words and Phrases, Perm.Ed., p. 80.
 

 This case was tried
 
 ort
 
 an agreed stipulation of facts which merely states the relationship of the parties and that Landry Benton Hunter predeceased his father, Philip Hunter. There is nothing in the evidence to indicate any intention on the part of the testator to interpose the defendants in order to make a disposition to their deceased father. In fact, such could not be the case for the reason that at the time the will was confected, Landry Hunter did not exist.
 

 The appellants rely on the cases of Dupre v. Caruthers, 6 La.Ann. 156; Compton v. Prescott, 12 Rob. 56; Succession of Fletcher (Baham v. Decoudreau), 11 La. Ann. 59; Tung v. Doriocourt, 4 La. 175; Bennett v. Cane, 18 La.Ann. 590; Villars v. Faivre, 34 La.Ann. 198; and Succession of Vance, 110 La. 760, 34 So. 767.
 

 We have examined the authorities cited and find that they are not in point. We discover' nothing in those decisions to indicate that the legitimate children of a deceased adulterous bastard are prevented from receiving a disposition by will from their grandfather, father of the adulterous bastard.
 

 We know of no provision in our laws which would prohibit the defendants from receiving the disposition unless and except they were, interposed for an incapable
 
 *253
 
 person. Under the facts in this case, they were not interposed for their deceased father, who at the time the disposition was made did not exist.
 

 For the reasons assigned, the judgment of the lower court is affirmed at appellants’ cost.
 

 O’NIELL, C. J., concurs in the result.