### No. 9015.

### SUCCESSION OF GAYLE WOODS.

An opponent who does not dispute the correctness of any of the items of an administrator's account, but simply claims to be placed thereon for a larger amount, has no interest to attack a judgment of homologation on the ground that proof was not administered of the correctness of the account.

The rulings of an instance court on the admission or rejection of evidence are not subject to review by this Court in absence of exception reserved thereto.

The correctness of the judgment appealed from must be tested by the law and the evidence upon which the court acted, in absence of exceptions to rulings made in course of the trial.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

A. B. Philips and Albert Voorhies for the Appellant.

W. S. Benedict and A. J. Murphy for the Appellee.

The opinion of the Court was delivered by

FENNER, J. The administrator's account was filed on December 21, 1882. Several oppositions were filed. On January 2, 1883, after due advertisement, judgment was rendered homologating said account so far as not opposed.

On March 7, 1883, M. Scooler filed an opposition, in which he averred that he was a creditor of deceased in the sum of $252; that he had supposed his claim had been correctly placed on the administrator's ac-

count, but had since discovered that he had been placed thereon for the sum of $52 only; that he was entitled to be placed there for the sum due him; and his prayer was "to be allowed to file this opposition *nunc pro tunc* and to be placed on said account for the sum of $250, and for general relief," etc.

It will be observed that the opposition raises no issue as to the regularity of the proceeding on which the judgment of partial homologation was founded, nor as to the correctness of any items of said account except his own, and that the sole relief sought is to have the latter increased.

The case came on to be heard on the oppositions and the final homologation of the account. Scooler appeared and offered to prove up his account. Counsel for administrator objected on the ground that, having been placed on the account and having filed no timely opposition, and the account having been homologated so far as not opposed, it was then incompetent for Scooler to prove himself a creditor for a larger amount. This objection the court sustained, reserving Scooler's right to establish the verity of his claim as placed on the account.

This ruling was twice made by the court and, in neither case, was any exception reserved thereto in any form.

After hearing, a final decree was rendered, passing on the various oppositions except Scooler's, which was passed *sub silentio*, and concluding that "the account herein filed be amended in accordance with this judgment and, as amended, that it be approved and homologated, and that the funds be distributed accordingly."

Scooler then appealed from the two judgments, viz: 1st. The judgment homologating the account so far as not opposed; 2d. The final judgment of homologation.

His attack here is directed mainly against the first judgment, on the ground that the record exhibits neither testimony of witnesses taken in writing, nor list of documents produced, nor any proof of any kind of the correctness of the account, as required by C. P. 1042.

Conceding, *argumenti gratiâ* simply, that such an objection to this judgment might have force under some circumstances, the question presents itself, what interest has appellant to raise it when he presents no issue as to the correctness of any of the items of said account, except that in favor of himself, which he claims should be increased? What does it matter to him whether the correctness of the account was supported by evidence, if he does not dispute its correctness?

But, even beyond this, how would it avail appellant to disturb the first judgment, unless the first judgment of homologation was also set aside?

He points out no error in the last-mentioned judgment, except that it fails to sustain his opposition. But the judge had before him, and we have before us, no evidence upon which his opposition could be sustained. It is true that evidence to that effect was offered, but it was excluded by the judge. Even if erroneous, which we do not decide, that ruling, not having been excepted to, was absolute and final, and upon the most elementary principles is not subject to review by this Court. The case stands precisely as if no such evidence had been offered. It follows that, upon the evidence before him, the judgment rejecting appellant's opposition was correct.

However strong our inclination might be to relieve appellant, we are bound to maintain regularity of precedence and to decide issues as presented.

We observe that another party, who was an opponent in the lower court, has filed in this Court an answer to the appeal, in which he prays an amendment to the judgment.

The amendment asked is one that does not affect the appellant and has no connection with the subject-matter of his appeal. It is simply an attempt to disturb the judgment as between co-appellees, which is not permitted.

Judgment affirmed.

---

ON APPLICATION FOR REHEARING.

BERMUDEZ, C. J. It is impossible to conceive how the appellant can justly complain of the decree herein made.

He appeals from two judgments: *one* homologating, as far as not opposed, an account on which he was placed for part only of his claim and which he had not seasonably opposed; and *another* which disposes of other oppositions but fails to pass, and therefore ignores the opposition filed by him after the qualified homologation.

The grounds on which he asks the reversal of the first judgment are that he was not placed on it for his full claim and that there was no proof administered in support of the items of the amount which the court was asked to approve.

He should have made a timely opposition and adduced evidence to justify the allowance of his claim.

He has not established, in the mode required by law,'that the judgment was rendered without proof. If he could be heard to say so, his own claim, allowed in part, should be rejected.

The certificate of the judge, issued after the appeal had been obtained and perfected, does not meet the requirements of the law and cannot be considered.

The certificate of the clerk is complete. We must presume, in the absence of legal evidence to the contrary, that the district judge did not render a judgment without proof to support it. The presumption is not rebutted in this case.

It is not for us to suggest how the appellant should have proceeded to have established the absence of proof complained of; but it would appear that Articles C. P. 602 and 603, which relate to statements of facts, *before* appeal, may have some significance on the subject.

We are at a loss to perceive how the judgment ignoring the unseasonable opposition can be reversed. The district judge had a right not to notice it, as it was not rightly in court, Besides, there is no evidence to support it, beyond the allowance on the account. The exclusion from the transcript of the bill of exception which the appellant claims to have taken to the refusal of the judge to hear evidence further, is not to be attributed to us.

Rehearing refused.