No. 10,946.

MRS. EMMA W. HANSELL ET AL. VS. HENRY H. HANSELL.

A person alleged to be insane whose domicil is in a foreign jurisdiction can not be represented in this State by a special curator.

The courts of this State must deal with an absent insane person domiciled elsewhere as a sane person until the courts of his domicil have interdicted him.

Hansell et al. vs. Hansell.

Where an absent insane person has property in this State held in common with another, for the purpose of partition, he must be considered and proceeded against as an absentee.

If no curator has been appointed to represent him and take charge of his property, and he has no known representative in the State, the court before whom the suit is pending must appoint a *curator ad hoc* to represent the absent. He is not required to take an oath.

Parties to a suit only can avail themselves of irregularities. When prosecuted to a judgment, other parties can not urge such irregularities for annulling the judgment.

When property is owned in indivision and is the only property so owned with the co-proprietor, it is necessary to have an inventory of the property made.

When the property is ordered to be sold at public auction in conformity to Articles 1339, 1340, Civil Code, it is to be presumed that satisfactory evidence was adduced before the judge that the property was indivisible in kind, or that it could not be conveniently divided.

Where a minor who has arrived at majority and appears in court, and disclaims any title to or interest in property which it is alleged was transferred without divesting his interest when a minor, he will afterward be estopped from setting up title to said property.

A PEAL from the Civil District Court for the Parish of Orleans.
    *King, J.*

---

*Bayne & Denègre* for Plaintiffs on Rule, Appellants:

An absentee is properly cited through a curator *ad hoc*. C. P. 116, 964; C. C. 56.

Curator *ad hoc* need not be sworn. Thayer vs. Tudor, 2 An. 1010.

Until a person is interdicted he is considered to be sane and treated as sane; if notoriously insane, he occupies precisely the same position, and is treated precisely in the same manner as if he had been interdicted. C. C. 1788, 402.

An interdict is precisely like a minor, both as to his person and property, and the sale thereof. C. C. 415; Interdiction of Parker, 39 An. 333; Succession of Webre, 36 An. 312.

A minor unprovided with a tutor can be cited through a curator *ad hoc*, and a judgment rendered against such curator *ad hoc* is perfectly valid and binding.

It is not necessary that the minor should be represented by a tutor or tutor *ad hoc*, he can be represented by a curator *ad hoc*. C. P. 116, 964; Shaffet vs. Jackson, 14 An. 157; Henderson vs. Sadler, 35 An. 826; Keenan vs. Ahern, 34 An. 886; Buddecke vs. Buddecke, 31 An. 574; Hooke vs. Hooke, 6 La. 472; Petrie vs. Wofford, 3 An. 562; Kimball vs. Dunn, 12 La. 445.

---

*Browne & Choate contra:*

1. A person notoriously insane not interdicted can not be sued. C. C. 1789, 1889, 402, 384; C. P. 102, 115, 195; Story's Eq. Pleadings, 722, 725; 35 An. 33.

2. An *interdicted* person is in every respect like a minor. He can only be sued through his curator, if he has one, or a special curator, who must be sworn before he can represent the interdict. C. C. 415, 313; 36 An. 312; 37 An. 868.

3. A person notoriously insane, living·outside of the State. can not be treated as· an "absentee" and sued through a curator *ad hoc*. C. C. 402, 47, 52, 56, 58; C. P. 196, 116, 195, 964; 12 An. 299.

4. A curator *ad hoc* is not competent to receive the price and grant a discharge.. 35 An. 377.

The opinion of the court was delivered by

McEnery, J.    Plaintiffs, Emma W. Hansell et al., being the owners of an undivided twenty-nine-thirtieths of certain improved real estate in the first district of the city of New Orleans, on Magazine and Common streets, bring this suit for a partition against Henry H. Hansell, the owner of the remaining undivided one-thirtieth interest.    The petition alleges the ownership, and that Henry H. Hansell is a notoriously insane person who has never been interdicted, and to whom no curator has ever been appointed; that he is confined in an asylum in the city of Philadelphia, Pennsylvania, and it is necessary that a special curator and curator *ad hoc* be appointed to represent him and defend the suit; that F. F. Hansell, of the full age of majority, is the brother of H. H. Hansell, and is the person who, under the law, would be appointed curator to said H. H. Hansell in case he were to be interdicted.    The prayer is that said F. F. Hansell be appointed special curator and curator *ad hoc* to represent said H. H. Hansell; that he be notified of his appointment and duly cited to answer the petition, and that there be judgment ordering the property sold at public auction, as provided by law.

In accordance with the prayer of the petition, F. F. Hansell was. appointed special curator and curator *ad hoc* of Henry H. Hansell, and was duly notified and served with citation to answer in due course.    The judgment was regularly rendered, in accordance ·with the prayer of the petition, ordering a sale of the property at public auction.  The sale was made and the properties were adjudicated, one to R. Maitre and the other to R. F. W. Bachman, who refused to take title for various reasons stated in their answer to the rule taken by plaintiffs on them, to compel them to comply with the adjudication.

The principal objection made by the adjudicatees, and the one upon which they insist most strongly, is that until H. H. Hansell has been interdicted and a curator appointed to him, as provided by law,.

he can not be properly brought into court and a binding judgment rendered against him; (2) they object on the ground that F. F. Hansell has never taken oath as special curator, and, therefore, H. H. Hansell was not properly represented, and the judgment rendered against him not a valid and binding one.

It is alleged in the petition that H. H. Hansell is notoriously insane, and this averment is proved by the testimony.

He has been in this condition for three years, and during that time has been confined in an insane asylum in the city of Philadelphia. His domicil is in that city.

The courts in this State have no jurisdiction of his person, and can render no decree affecting his personal *status*, and interdict him.

The courts of his domicil alone have jurisdiction to ascertain his mental condition and to render the necessary decree relieving him of the control both of his person and estate.

No facts alleged, and no evidence received by the courts here, can place a person domiciled in a foreign jurisdiction among the class of persons incapable of managing their persons and estates.

A person alleged to be insane, whose legal domicil is in a foreign jurisdiction, can not, therefore, be represented in this State by the appointment of a special curator. Interdiction of Joseph Dumas, 32 An. 679.

The courts of this State must treat him as a sane person until the courts of his domicil have decreed otherwise by interdicting him.

That part of the petition which alleges the insanity of H. H. Hansell, and the order of the court appointing a special curator, may be disregarded.

The petition does allege that he is an absentee and owns property in this State. A *curator ad hoc* was appointed to represent him as an absentee, and the proceedings for a partition were conducted regularly and contradictorily with him.

He is not represented in this State.

In the matter of the interdiction of Dumas above referred to, Dumas' actual domicil was in France.

He had, when sane, given a power of attorney to an agent residing here. This court said, in the opinion announcing the decree, "the lamentable disability with which it is alleged that Dumas was afflicted at the beginning of this suit, and which continued to dement him long afterward, was a mental malady, which could, no more than

any other infirmity, produce the effect of revoking the procuration which he had given to his agent.   It could be recalled, in a circumstance like this, only by actual, valid judgment of interdiction. Revised Civil Code, 3027.

"The institution of the interdiction suit did not revoke the power so entrusted.   Gernon vs. Dubois, 23 An. 27.

"Even could such mental derangement put an end to the mandate, the consequence would only have been that Dumas would have to be treated as an *absentee* and his property taken care of and administered upon as provided by law in such cases.   Revised Civil Code, 50, *et seq.*"

H. H. Hansell can not be considered as an insane person, as his incapacity has not been declared by the courts of his actual domicil, where he can be personally cited.

He has property in this State.   He is an absentee, and has no known agent in the State to manage this property.

It must, therefore, be preserved and cared for as provided by the Code, Art. 47, *et seq.*

Article 56 of the Civil Code provides that "if a suit be instituted against an absentee who has no known agent in the State, or for the administration of whose property no curator has been appointed, the judge before whom the suit is pending shall appoint a curator *ad hoc* to defend the absentee in the suit."   No curator had been appointed when the suit was brought to take charge of the property of the absentee.

Article 116 of the Code of Practice also provides that a *curator ad hoc* must be appointed to represent the person intended to be sued, if he be absent and not represented in the State.

Neither of the above articles of the Civil Code and Code of Practice require that the *curator ad hoc* shall take any oath.

The absentee, H. H. Hansell, owned property in common with a resident of this State.

No one can be compelled to hold property in indivision with another.   Civil Code, 1289.

The rules established in the Civil Code, Art. 1289, *et seq.*, are applicable to partitions between co-proprietors of the same thing when among the co-proprietors any are absent, minors or interdicted.

The only way of having the absentee brought into court was through the appointment of a *curator ad hoc.*   The co-proprietor of

the absentee Hansell had the right to demand a partition, and his only remedy was by proceeding against the absentee in the manner provided for by Arts. 56 of Civil Code and 116 Code of Practice.

The defendants in rule have urged other objections to accepting title to the property.

The objection that the signatures of the petition in succession of S. F. Hansell, in suit No. 32,246, Civil District Court, consenting to the recognition of their mother as universal legatee of the deceased, have not been proved, concerns only the parties to that suit. The judgment rendered in that suit is conclusive as to the genuineness of the signatures. It is presumed to have been rendered on suffi-cient evidence. We make the same remark with reference to the objections to the signatures to the agreement, annexed to the petition in the succession of Barnett Hansell, No. 32,247, Civil District Court.

The interest of the minor, Morris E. Hansell, it is alleged, was not disposed of legally in the property adjudicated to defendants in rule. The agreement among the heirs and the surviving partners in the Hansell partnership seems to have been more for the just recognition of what belonged to the partnership, and the individual members of the same, rather than for the alienation of the property. The prop-erty was taken in the name of individual partners, and by consent restored to its proper ownership.

But whether this view is correct or not is immaterial so far as this controversy is involved, as Morris E. Hansell, now 26 years of age, renounced all right, title and interest to said property, in open court, and put the declaration on record in the note of evidence, and is therefore estopped from asserting title or any claim whatever to said property.

There is a technical objection to the petition filed in the succes-sion of Standish F. Hansell, No. 32,246, Civil District Court, that the signatures of the attorneys were not at the foot of the petition. One of the attorneys signed on the back of the petition inadvertently.

The suit was prosecuted to a judgment, and the parties directly interested interposed no objections.

The defendants in rule have no interest in opposing the want of the signatures to the petition. The judgment was not absolutely null and void, and could not be attacked collaterally.

We do not intimate even that it was relatively null, as the want of the signature to the petition was cured by the judgment. The

immediate parties to the suit only could urge the objection now opposed by defendants in rule.

It is also urged that there was no inventory of the property to be partitioned, and no experts appointed to show that it was indivisible in kind.

Civil Code, Art. 1339, provides that "when the property is indivisible by its nature, or when it can not be conveniently divided, the judge shall order, at the instance of one of the heirs, on proof of either of these facts, that it be sold at public auction," etc.

Civil Code, Art. 1340, says: "It is said that a thing can not be conveniently divided, when a diminution of its value or loss and inconvenience of one of the owners would be the consequence of dividing it."

It appears from the record the party who held the property in common with the absentee was not an heir, and that it was the only property he owned in indivision with him. An inventory was therefore unnecessary. It is to be presumed that before the order to sell the property at public auction was rendered, the judge had sufficient evidence before him to satisfy him that the property could not be conveniently divided in kind.

The averments in the petition as to the small amount of interest owned by the absentee in the property would indicate that the judge who gave the order was satisfied on this point.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that the relief prayed for be granted and the rule herein be made absolute.

Appellees to pay costs.