On the Merits.
PROYOSTY, J.
The facts of this case have been fully stated in the opinion of the majority of the court on the motion to dismiss.
[8] Article 1042 of the Code of Practice requires the testimony to be reduced to writing in courts of probate, and this court has held that where this has not been done, and the record as made up is deficient for enabling this court to pass upon the case, the judgment will be set aside. Succession of Girardey, 44 La. Ann. 548, 10 South. 851; Succession of Woods, 36 La. Ann. 757. And as the testimony was not thus taken down in this case, the appellant West asks that the judgment be set aside. But we think that the record is reasonably sufficient to enable this court to pass upon the questions which are raised on this appeal, which are, as to whether the proceedings below were properly conducted; and as to whether the acknowledgment of an illegitimate child by its mother to enable the child to inherit can be made in any other mode than as provided for by article 203 of the Code — that is, by a notarial act or by a registry of birth or baptism.
For passing upon these questions the only facts necessary to be known are that Lillie Taylor is the child of Lona McGee and was raised by her as her daughter, and therefore acknowledged by her in every way except in one of the above mentioned modes; and that Lona McGee was the illegitimate 'child of Angeline Allen, the defendant, and was never legitimated.
[9] Nothing in the briefs or in the oral arguments has indicated that these facts are in any way disputed; and we are entirely satisfied that they are incontestable; and that, if the case were remanded, they would be at once freely admitted. Lillie Taylor alleges them in her sworn petition, and Angeline Allen avers them in her sworn answer; and they are sworn to in,the affidavits of Angeline Allen and her husband, filed in evidence.
The- point as to the absence of testimony to prove these facts is not made in the briefs filed in behalf of the state, and was not made in the original brief of West, but was made for the first time only after new counsel, Messrs. Thigpen & Herold, had come into the case representing West; Mr. Herold made it in his oral argument, and it is renewed in a supplemental brief filed by his firm in behalf of West. The idea of making it has evidently come as an afterthought.
We can see no necessity, justice, or even sense, in remanding the case for the admission of proof of facts thus not at first contested, and which, we are entirely satisfied, are incontestible.’
And, moreover, what interest has West to raise the question. In Succession of Girardey, 44 La. Ann. 543, 10 South. 851, supra, this court said:
“In quite a number of cases this article has been examined and construed, the purport or decision being that its object is to preserve the evidence of claims placed upon succession accounts for the benefit of minors and absentees, so that the- right of appeal shall not be embarrassed or abridged.”
And in Succession of Woods, 36 La. Ann. 757, this court said:
“His attack here is directed mainly against the first judgment, on the ground that the record exhibits neither testimony of witnesses taken in writing, nor list of documents produced, nor any proof of any kind of the correctness of the account. * * * C. P. 1042.
“Conceding, argument! gratia simply, that such an objection to this judgment might have force under some circumstances, the question presents itself, what interest has appellant to raise it when he presents no issue as to the correctness of any of the items of said account, except that in favor of himself, which. *109 he claims should be increased?" What does it matter to him whether the correctness of the account was supported by evidence, if he does not dispute its correctness?”
West is not an heir or a creditor of the succession. He has no interest whatever in it.
We take up, then, the question of whether the proceedings below were properly conducted.
[10] The mode of proceeding for obtaining from the court an order sending an acknowledged illegitimate child into possession of the succession of its mother is prescribed by articles 925 and 926, which read:
“Art. 925. Children called to the succession of their natural father or mother, in the cases mentioned in the preceding articles, are permitted to take possession of the succession which has fallen to them only by the order of the judge of the parish in which the succession is opened.
“Art. 926. If the succession be that of the natural mother deceased without legitimate children, the putting into possession of the natural children shall not be pronounced without calling the relations of the deceased, who would have inherited in the default of the natural children, if they are present or represented in the state; or without appointing a person to defend them, if they are absent.”
[11] As Angeline Allen, mother of Lona McGee, was the person “who would have inherited in default of natural children,” i. e., in default of Lillie Taylor, if she had acknowledged Lona McGee, she was cited. ■There is no suggestion that the father of Lona McGee had acknowledged her, or that .she left any brothers or sisters; and, besides, the latter could have inherited only in default of the mother. Article 923, C. C.; Succession of Gravier, 125 La. 733, 51 South. 704; Cordill v. Quaker Realty Co., 130 La. 936, 58 South. 819. There could be no other “relations,” for article 238, C. C., says that illegitimate children “belong to no family and have no relations”; and in Montégut v. Bacas, 42 La. Ann. 158, 7 South. 449, this court says that they have “no relations in any legal sense in the ascending or collateral line”; article 921 declares that they do not inherit from the legitimate relations of their father or mother. And, moreover, what interest, or standing, have these appellants for raising the question. The succession belongs to the state only “in defect” (default) “of lawful relations, or of a surviving husband or wife, or acknowledged natural children.” Article 929, O. C. In other words, the succession belongs to the state only in default, or absence, of “relations.” Now, therefore, if there had been relations who could have been cited, they would have inherited to the exclusion of the state, and the state would be without interest, and consequently without standing, for prosecuting this appeal. And if, on the other hand, there were no relations to be cited, there necessarily was no occasion to cite any relations. The state is impaled upon one or other of the horns of this dilemma; and fatally in either case. So far as West is concerned, who is neither an heir nor a creditor of the succession, what business can it possibly be of his whether the heirs have been cited or not.
[12] The suggestion made that the surviving husband of Lona McGee, or his heirs, should have been cited, as being relations, can find no sanction in view of article 269, C. C., which declares that “under the name relation are not included connections by affinity.” And the husband is not connected otherwise than by affinity. So far as the state is concerned, no suggestion is made that the state is a relation.
[13, 14] The remaining question, namely, as to whether an illegitimate child may prove acknowledgment in a mode other than as prescribed by article 203, C. C., was considered exhaustively by this court in the recent case of Minor v. Young. A majority of the court were disposed at first to depart from the jurisprudence heretofore established on that point, and held that the *111 modes prescribed in article 203 were exclusive. But on application, for a rehearing that view was changed and the conclusion reached (Justices O’Niell and Dawkins dissenting) that this long-established jurisprudence should be adhered to. Among the cases sustaining it are Lange v. Richoux, 6 La. 560; Jobert v. Pitot, 4 La. Ann. 305; Succession of Hébert, 33 La. Ann. 1099; Briggs v. McLaughlin, 134 La. 133, 63 South. 851. In Succession of Vance, 110 La. 760, 34 South. 767, this court refused to depart from it, though strongly urged to do so¡ In one of the briefs the statement is made that the following judges who have sat on this bench have concurred in that interpetation of the Code, ■to wit, Justices Martin, Mathews, Porter, Bullard, Carleton, Slidell, Eustis, Rost, Land, Bermudez, Fenner, Poche, Nicholls, Breaux, Monroe, Provosty, Sommerville, and Leche. This is quite an array, and leaves out, it appears to us, few of the judges who have sat on this bench. However, we give the statement merely for what it may be worth, as we have not taken the time to verify it. Certain it is that traveling once more over the ground of the discussion would- serve no useful purpose here. The dissenting justices would not be converted nor the others shaken. That jurisprudence has been long established; it has stood the test of many assaults. It constitutes stare decisis. If it be not accordant with the legislative intention, let the Legislature provide the remedy.
Judgment affirmed.
DAWKINS, J., dissents for the reasons given in the case of Minor v. Young, 148 La. 610, 87 South. 472.