## O'QUAIN v. UNITED STATES.

District Court, W. D. Louisiana, Lake Charles
Division.   July 26, 1928.

### No. 1697.

T. Arthur Edwards, of Lake Charles, La.,
for plaintiff.

Philip H. Mecom, U. S. Atty., and J. Fair
Hardin, Asst. U. S. Atty., both of Shreveport, La.

DAWKINS, District Judge.   Plaintiff
brought this suit, alleging, first, that as the
natural mother of John C. Broussard, who
died on February 16, 1919, in the military
service of the United States, she should be
paid the proceeds of certain war risk insurance issued to him, and, in the alternative, if
not lawfully entitled to claim said insurance
as his natural mother, then that she stood in
loco parentis to the deceased for more than
one year prior to his enlistment, thereby acquiring the right to claim in that capacity
under the statute.   She further alleged, in
the alternative, that, if she was not entitled
to claim the insurance, then her children,
some of whom were adults and others minors,
should receive the same as the natural brothers and sisters of the deceased, and in a manner attempted to make them parties in the
same petition, purporting to join those of
age as petitioners, and to represent the minors as their natural tutrix.   The petition
nowhere alleges who, if any one, was made
beneficiary under the certificate or policy of
insurance, but taking the petition as a whole,
and considering the briefs filed in connection
therewith, as well as certain pleas and exceptions urged by the government, hereafter
to be considered, I gather that she intended
to assert her alleged rights, both under the
laws of Louisiana and the federal statute, in
so far as they were applicable.

The exceptions which have been filed by
the government are as follows:

(1) Exception of improper articulation
of the petition under the state statute governing pleadings.

(2) Exception of nonjoinder of parties
plaintiff.

(3) Exception of misjoinder of parties
plaintiff.

(4) Exception of no cause of action.

(5) Supplemental exception of no cause
of action.

1. Taking these pleas up in the order
named, I think it clear that the petitioner has

failed to comply with the state statute of pleading, and I have indicated upon the margin to the left of the articles or paragraphs Nos. 1, 4, 5, 6, 8, 10, 11, and 14, the divisions which should be made of the allegations of fact therein, using pencil parentheses to enclose the matter which should be expressed within the separately numbered paragraphs. See Act No. 300, Legislature of Louisiana, 1914, p. 611.

2. The exception of misjoinder is leveled at the fact that plaintiff, in the alternative, claims on behalf of her minor children as a married woman and attempts to sue as their natural tutrix, when, according to her petition, their father and her present husband is still living. I think the position of the government upon this point, if the minor children have any right of action under the allegations of the petition, is correct; but, under the view which I take of the other issues subsequently to be disposed of, this exception becomes unimportant. Articles 246, 250, R. C. C.

3. The plea of misjoinder is directed to the point that, so long as the natural mother is living, the natural brothers and sisters have no claim to the estate of the deceased, and are therefore improperly joined in the suit. This point I think is likewise well taken. See R. C. C. 923; Taylor v. Allen, 151 La. 109, 91 So. 635, and authorities therein cited.

4. The first exception of no cause of action is based upon the proposition that the petition does not allege that plaintiff, the natural mother, had acknowledged the deceased according to the forms provided by the Louisiana law; i. e., by notarial act or in the registering of his birth or baptism, as required by articles 203 and 922 of the Revised Civil Code. The petition in substance sets forth that the deceased was born out of wedlock as the result of her illicit relations with one Dupre Broussard, at which time both parents were unmarried, and hence there could have been no impediment to his formal acknowledgment or legitimation, by their subsequent marriage or otherwise. I also quote pertinent paragraphs of the petition, as follows:

"4. Your petitioner shows that she never married until years after the birth of the said John C. Broussard, deceased, and that he took the name of his father, and was publicly known and publicly recognized as the natural son of petitioner and the said Dupre Broussard; that the knowledge of his birth and his parentage was well known, acknowledged publicly and privately in the community wherein he resided, and that he often visited your petitioner, his said natural mother, and recognized her as such during life, and contributed from time to time financially to her support, and last visited and bade her farewell just prior to his enlistment.

"5. Your petitioner avers that she recognized the said John C. Broussard openly and publicly as her offspring and natural son, and it was well known in the community wherein she resided; that she nursed him from an infant at her breast, and cared for him constantly until he was six or seven years of age, when he was left in the care of one Madam Rayon, who took charge of him for a number of years, and during all of which time, and up to the time of his death, he recognized your petitioner publicly, openly, and positively as his natural mother, and he was commonly, publicly, and notoriously known in the community as the natural son of Dupre Broussard and your petitioner, Ellen O'Quain, born Bertrand, and publicly recognized by them, and that such relation continued until the time he died overseas, as the result of wounds received in action."

From this it is seen there is no contention that deceased was ever acknowledged, according to article 203 of the Civil Code, reading as follows:

"The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in presence of two witnesses, by the father and mother, or either of them, whenever it shall not have been made in the registering of the birth or baptism of such child."

Article 922 also declares:

"*Parents, when Heirs to Natural Children.* The estate of a natural child deceased without posterity, belongs to the father or mother who has acknowledged him, or in equal proportions to the father and mother, when he has been acknowledged by both of them."

While it has been held that an illegitimate child, who has not been formally acknowledged according to the letter of the Code, may nevertheless prove a sort of informal acknowledgment by the mother, such as that she has openly and publicly recognized it as her own, for the purpose of permitting it to inherit from her in the absence of other legal heirs, the Supreme Court of Louisiana has never decided that either of the parents may inherit from their illegitimate children under such circumstances, but, on the contrary, has specifically denied such right in a number of cases. See Succession of Lacosst, 142 La. 673, 77 So. 497; Perkins v. Brownell-Drews Lumber Co., 147 La. 337, 84

So. 894. The reason for the distinction, as between the right of the child to inherit from the mother and the latter to take from it, is that the child is innocent and can do nothing itself to correct the condition produced by the parent's conduct; whereas, the parent, if there be no legal impediment, may give it a legal status as to both of them, and, if he or she fails, then it is his or her own fault in not taking sufficient interest in the offspring to give it those benefits by acknowledgment or legitimation which are provided by law. My conclusion is that the mother cannot claim the insurance as an heir under the state law.

5. In the supplemental plea or exception of no cause or right of action, it is contended that the alternative claim that the petitioner stood in loco parentis is refuted by the allegations that she discharged the duties of a mother towards deceased for a short time during his boyhood.

█ It is well to note the petition does not allege that plaintiff, or any of the other persons mentioned as claimants, were beneficiaries, actually named in the certificate of war risk insurance, and it seems clear, therefore, that the matter would be governed by that portion of section 402 of the War Risk Insurance Act, as amended October 6, 1917, reading as follows:

"If no beneficiary within the permitted class be designated by the insured, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons, within the permitted class of beneficiaries as would under the laws of the State of the residence of the insured, be entitled to his personal property in case of intestacy." 40 Stat. 410.

Hence the right to the insurance depends upon the Louisiana statute, as interpreted by the highest court of the state, which, as above pointed out, does not support the claim of the plaintiff for recovery upon that branch of the case.

If the deceased had seen fit to make petitioner his beneficiary, I think, under the War Risk Insurance Act itself, the same could have been sustained, as it would seem that the natural mother falls within the permissible class of named beneficiaries. But here the right depends, not upon the will of the insured, but upon the state law, which is adverse to her contention.

█ As to the claim based upon the contention that she stood in loco parentis, it is sufficient to say that the act of Congress does not give her the right to claim upon this ground, unless she is specifically named. It is true that the Act of March 4, 1925, c. 553, § 14, 43 Stat. 1310 (U. S. C. tit. 38, § 514), is made retroactive to October 6, 1917; but the result is that it leaves the law substantially as it was under the Act of October 6, 1917, § 402 (40 Stat. 410); i. e., in the absence of a designated beneficiary, the claimant's right to inherit must depend upon the state law. The section just mentioned (514, U. S. C. tit. 38) reads as follows:

"*Payment of Insurance to Estate of Deceased Beneficiary; Escheat to United States.* If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: Provided, that all awards of yearly renewable term insurance which were in course of payment on March 4, 1925, shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this chapter. When any person to whom such insurance was awarded prior to such date dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: Provided further, that no award of yearly renewable term insurance made to the estate of a last surviving beneficiary prior to March 4, 1925, shall be affected by the foregoing provisions. In cases when the estate of an insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate but shall escheat to the United States and be credited to the military and naval insurance appropriation. This section shall be deemed to be in effect as of October 6, 1917."

In other words, in the absence of a named beneficiary, the insurance is payable to the estate of the deceased, to be inherited (presumably) by the legal heirs under the state law, except that if, because of the want of such heirs, it would go to the state, then the federal statute provides that it shall escheat to the United States.

Under the laws of Louisiana, in the absence of legal descendants, ascendants, brothers and sisters, or their descendants, such col-

lateral heirs as aunts, uncles, nieces, nephews, etc., would take to the exclusion of the state, and it would be only for want of any of these that it would go to the state, or in this case to the United States government. Hence it is seen that the change in the provision from the act of 1917 (which provided specifically that such insurance should become the property of the heirs of deceased according to the law of the state) by providing that it shall go to the estate of the deceased, has still left it so that only legal heirs are entitled to claim the insurance ahead of the government.

I can find nothing in the statute or decisions which gives the person standing in loco parentis the right to take the insurance, unless he or she is actually named as beneficiary in the certificate. It is true that the Act of June 7, 1924, 43 Stat. 625, provided:

"Sec. 303. If no person within the permitted class of beneficiaries survive the insured, or if before the completion of payments the beneficiary or beneficiaries shall die and there be no surviving person within said permitted class, then there shall be paid to the estate of the insured the present value of the monthly installments, thereafter payable under the provisions of this title: Provided, that in cases where the escheat of the insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate of the insured, but shall escheat to the United States and shall be credited to the United States government life insurance fund or the military and naval insurance appropriation, as may be proper. This section shall be deemed to be in effect as of October 6, 1917."

And it might have been possible under the language of this section to infer that Congress intended, in the absence of a designated beneficiary, if any one within the permissible class survived, he or she should receive the insurance; but, unfortunately for this petitioner, there was never any award in her favor under that statute, and the same was changed by the Act of March 4, 1925, 43 Stat. 1310 (title 38, U. S. C. § 514), to read as hereinabove quoted, and by its own language: "This section shall be deemed to be in effect as of October 6, 1917."

I have not overlooked the provisions of section 12 of the Act of March 4, 1925, 33 Stat. p. 1308 (title 38, § 511, U. S. C.), amending section 300 of the War Veterans Act of June 7, 1924, which read:

"The insurance shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law or sister-in-law, or to any or all of them, and also during total and permanent disability to the injured person."

However, this section must be read in connection with section 14 of the same act (43 Stat. p. 1310; title 38, § 514, U. S. C.), which specifically provides that, "if no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured, either in his lifetime or by his last will and testament," etc., the same shall be paid to his estate. The two provisions are easily reconcilable by holding that the first (section 12) merely intended to name those classes eligible as beneficiaries, and not to give any of them the substantive right to claim the insurance without being named as such beneficiaries, except as the same may be accorded by the law of the state where the insured was domiciled at the time of his death. This is apparent because there is no attempt, in that section or otherwise, to determine the order in which any of them should be entitled to claim, whereas many, such as parents, brothers, sisters, etc., bear the identical relation to the deceased.

In other words, to state the matter more concisely, it is my view that Congress intended all persons within the classes named as permissible beneficiaries, provided they were designated as such by the insured; but that it was not the purpose as the law now stands, and which governs plaintiff's case, to give the right to claim other than as the same might be accorded by the laws of the state of the insured's domicile.

For the reasons assigned, I am of the opinion that the petition discloses no cause of action, and will accordingly be dismissed.