## O'QUAIN et al. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
April 1, 1929.

No. 5449.

Thos. Arthur Edwards, of Lake Charles, La., for appellants.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge. This is a suit brought by a mother to recover on a policy of war risk insurance of $10,000, payable to the estate of her illegitimate son. The father is living, but has transferred any rights he may have to the mother. The petition was dismissed by the District Court, upon sustaining various exceptions, mainly that of no cause of action, as will appear from his well-considered opinion. 28 F.(2d) 350.

The petition is inartificially drawn, but discloses all the facts which, if sustained by proof, would be sufficient to dispose of the case on the merits. It is contended that the mother is entitled to recover on the policy as the heir of her son, and, in the alternative, then as the person standing in loco parentis to the soldier. Both of these contentions are disposed of adversely and conclusively by the opinion of the District Court.

It is further contended that, if the mother cannot inherit, then the policy should be paid to the natural brothers and sisters, of which there are several. This was disposed of by the District Court on a plea of misjoinder of parties. It is argued that, if the mother is not allowed to inherit for failure to have properly acknowledged the child, she should be considered civilly dead, and the brothers and sisters allowed to take her place. To sustain this, reliance is had on article 923 of the Civil Code of Louisiana, which provides that, if the mother and father of a

natural child have died before him, his estate shall pass to his natural brothers and sisters, or to their descendants.

However much we might be disposed to permit amendment to the pleadings to bring pertinent questions properly before the court in cases of this kind, it would be useless to do so in this case, as we are bound to follow the decisions of the Supreme Court of Louisiana, and it is well settled that natural brothers and sisters cannot inherit the estate of an illegitimate child, unless he has been acknowledged by the parents. Succession of Gravier, 125 La. 733, 51 So. 704.

The record presents no reversible error. Affirmed.