152 So. 128

## Succession of LATHAN.

No. 32467.

Nov. 27, 1933.

Rehearing Denied Jan. 2, 1934.

Goff & Goff, of Arcadia, for appellees Oliver Underwood and others.

J. Rush Wimberly, of Arcadia, for H. R. Sledge, clerk of court.

ROGERS, Justice.

Will Lathan, a World War veteran, died intestate in Bienville parish, leaving no ascendants nor descendants, but only collateral heirs. Julia Lathan, one of these heirs, qualified as administratrix of the succession. At the time of his death Will Lathan held a war risk insurance policy issued by the United States government, and the proceeds of this policy were collected by Julia Lathan, as administratrix, through the Veterans' Bureau.

The administratrix filed a final account in which she charged herself with the amount of $5,259.81 received from the Veterans' Bureau, credited herself with $458.64 for costs and expenses paid, and proposed to distribute the balance, $4,800.17, among the four collateral heirs of the deceased, including herself. The account, after due advertisement, was approved by the court, and the administratrix was ordered to distribute the funds accordingly; and it was further decreed that, upon the filing of the vouchers showing such distribution, the administratrix be discharged and her bond canceled.

The judgment approving the administratrix' account was rendered and signed on July 20, 1932, and on July 29, 1932, checks were issued to Oliver Underwood, Abe Radden, and Della Mason, three of the heirs, each for the sum of $1,200.29 and a check for $1,331.79, which included her share as an heir and her commission as administratrix, was issued to Julia Lathan.

The four checks were indorsed by the respective payees and delivered by them to John

Lathan, son of Julia Lathan, who, together with the attorney of the administratrix, took them to the bank where they were cashed and $500 was placed to the credit each of Oliver Underwood, Abe Radden, and Della Mason, $600 to the credit of Julia Lathan, and the balance, $2,840.66, to the personal credit of the attorney for the administratrix.

About two weeks thereafter, Oliver Underwood, Abe Radden, and Della Mason instituted this proceeding by rule in which they asked for the annulment of the judgment approving the final account of the administratrix; that Julia Lathan, individually and as administratrix, be ordered to return into bank the amount of money shown by the account to be in her hands; that judgment be rendered against Julia Lathan as administratrix for $1,200.04 for each of the three plaintiffs; that the clerk of court and the United States Fidelity & Guaranty Company, surety on the administratrix' bond, be made parties and be required to file all checks and vouchers in court before the bond is canceled, and that they be prohibited from canceling the bond.

Defendants filed numerous exceptions and pleas, which were overruled. On the merits, judgment was rendered in favor of plaintiffs against the administratrix, the clerk of court, and the surety company, making the rule absolute and prohibiting the cancellation of the bond of the administratrix until payment by her to plaintiffs of the amounts ordered to be paid them by the judgment homologating the final account, less the $500 paid each of them and less their part of the costs of the rule. From this judgment, Julia Lathan, administratrix, and her surety, the United States Fidelity & Guaranty Company, have appealed.

The three plaintiffs and the defendant Julia Lathan are illiterate negroes. Plaintiffs do not deny that they indorsed the checks issued to them by the administratrix, which indorsements were made by plaintiffs' marks in the presence of witnesses.

But plaintiffs contend that the checks were wholly blank, no name, amount, or date being filled in, when they indorsed and delivered them to John Lathan; that they never knew how much money belonged to the succession or for how much the checks were issued; and that, as a consequence, the administratrix had illegally withdrawn all the succession funds and should be required to return such funds to her bank account.

The weight of the testimony is against plaintiffs' contention. The record shows that the funds of the succession were deposited in bank to the credit of Julia Lathan, administratrix, checks to be signed by her attorney and countersigned by a representative of the surety company. After the account of the administratrix was approved by the court, checks were regularly issued to the heirs for the proper amounts signed by the administratrix, through her attorney, and countersigned by the agent of the surety company. The checks as thus made out were delivered to John Lathan by the attorney for the administratrix, and John Lathan carried them to the payees, who indorsed the checks and redelivered them to John Lathan. The checks were then taken to the bank by John Lathan and the attorney of the administratrix, where they were duly cashed. Deposits of $500 each were made to the credit of the three plaintiffs, a deposit of $600 was made to the credit of Julia Lathan, and the remain-

ing $2,840.66 was placed to the personal account of the attorney of the administratrix. Slips evidencing the deposits in their names were delivered to the three plaintiffs and to Julia Lathan. Subsequently, the plaintiffs Oliver Underwood and Abe Radden withdrew the $500 placed to each of their accounts, and the plaintiff Della Mason withdrew $350 of the $500 placed to her account.

When the administratrix' checks were paid by the bank upon plaintiffs' indorsement, the proceeds became the property of certain individuals and ceased to be the property of the succession. Julia Lathan no longer had the money in her possession or under her control as administratrix. Neither the succession nor the administratrix was concerned with the disposition of the proceeds of the checks. If their money was disposed of contrary to their authority, plaintiffs' claim is against the person or persons making such unauthorized disposition and not against the administratrix and the surety on her bond.

For the reasons assigned, the judgment appealed from is annulled, and plaintiffs' demands are rejected at their cost.