## LATHAN v. EDWARDS et al.
### No. 9663.

Circuit Court of Appeals, Fifth Circuit.
June 30, 1941.

Rehearing Denied Aug. 7, 1941.

**184**

J. C. Theus, Jr., of Monroe, La., for appellant.

J. Cleo Thompson, of Dallas, Tex., and Arthur O'Quin, of Shreveport, La., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

In this case the material facts, which are undisputed, are these. Will Lathan, a colored World War veteran, died intestate in Bienville Parish, Louisiana, where he was domiciled. His succession was opened in the Second District Court of Bienville Parish and Julia Lathan was appointed and qualified as administratrix, for the purpose of collecting on a policy of life insurance, issued to him by the United States as a soldier. The United States Fidelity and Guaranty Co. became the surety on her official bond. The insurance, amounting to $5,259.81 was collected and distributed by the administratrix to herself and three other named persons as collateral heirs of Will Lathan, after payment of attorneys' fees and costs of court. There being no other assets,

in due course the succession was closed and the administratrix discharged. On appeal by the other alleged heirs the judgment was affirmed by the Supreme Court of Louisiana. Succession of Lathan, 178 La. 571, 152 So. 128.

Will Lathan and Delia Priest, wife of Harry Edwards, were the children of Louella Raddin and Alfred Priest, born out of wedlock in Louisiana. The difference in names resulted from their assuming the names of relatives who raised them. At the time they were conceived and after they were born Alfred Priest was the undivorced, lawful husband of Sarah Priest, who was alive. Both Louella Raddin and Alfred Priest died before Will Lathan.

Delia Priest Edwards filed this suit against Julia Lathan, individually and as administratrix, alleging she was the natural sister and sole heir of Will Lathan, to annul the judgment in the succession proceedings, on the ground of fraud and to recover the estate. United States Fidelity & Guaranty Co. was permitted to intervene in the suit. Julia Lathan and the surety company filed pleas to the jurisdiction of the United States court; prescription; laches; estoppel, res adjudicata; and no cause or right of action, all of which were overruled. They then filed answers.

Judgment was rendered annulling and setting aside the judgment of the probate court on the ground of fraud and granting recovery against Julia Lathan, individually and as administratrix, for the full amount of $5,259.81, with interest. The intervention of United States Fidelity and Guaranty Co. was dismissed.

The case presents two questions for decision: (1) Whether the District Court had jurisdiction to annul and set aside the judgment of the state court, (2) whether Delia Priest was the sole heir of Will Lathan and entitled to establish that fact in the District Court.

State courts exercising probate jurisdiction are not courts of concurrent jurisdiction with Federal courts. In such matters the jurisdiction of the state courts is exclusive. A Federal court is without jurisdiction to annul the judgment of a state probate court even on the ground of fraud and compel the administrator to make a new accounting in the Federal Court. However, if jurisdiction vests by diversity of citizenship and sufficient amount involved, a Federal Court may de-

prive a party of the fruits of a judgment procured by fraud. McDaniel v. Traylor, 196 U.S. 415, 25 S.Ct. 369, 49 L.Ed. 533; United States v. Mashunkashey, 10 Cir., 72 F.2d 847, certiorari denied, 294 U.S. 724, 55 S.Ct. 551, 79 L.Ed. 1255. Cf. Simon v. So. Ry. Co., 236 U.S. 115, 35 S. Ct. 255, 59 L.Ed. 492. And a party claiming an interest in an estate may establish his right thereto in a Federal court, to be recovered in due course in the succession proceedings. Waterman v. Canal La. Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80.

█ Julia Lathan did not personally receive the entire estate of Will Lathan and she is protected in her capacity of administratrix by the judgment of the state court which the District Court was without jurisdiction to annul.

To that extent the judgment appealed from is erroneous. But the complaint is in the nature of a bill with a double aspect and we are required to decide the second question presented.

In ruling that Delia Priest was the sole heir of Will Lathan the District Court rested his decision on Article 923, La.Civil Code, which provides: "If the father and mother of the natural child died before him, the estate of such natural child shall pass to his natural brothers and sisters, or to their descendants."

The court found they were adulterous bastards as to their father, who was a married man, but this did not affect inheritance from their mother, who had informally acknowledged them, regardless of the status of the father. In support of this the court cited Lange v. Richoux, 6 La. 560; Jobert v. Pitot, 4 La.Ann. 305; Dupre v. Caruthers, 6 La.Ann. 156; and Taylor v. Allen, 151 La. 82, 91 So. 635.

█ In common parlance "illegitimate child", "natural child" and "bastard" are interchangeable terms connoting a child born out of wedlock. But the law of Louisiana creates several classes of such children and makes a sharp legal distinction between those denominated "bastards" and those called "natural children" with regard to their status and capacity to inherit.

██ In considering the right of Delia Priest to inherit from her brother, Will Lathan, the legal distinction between "natural children" and "bastards" must be kept in mind. Under the provisions of

Art. 182, La.Civil Code, both would be classed as adulterous bastards. When there is no impediment to a marriage between their parents, illegitimate children who have been acknowledged by their father or mother or both are denominated "natural children." Except that they do not exclude certain other heirs, they may inherit from their father or mother. They may be legitimated by the subsequent marriage of their parents and have the same rights as children born during the marriage. On the other hand, "bastards" may not be acknowledged or legitimated by subsequent marriage and have no right of inheritance except as to a mere alimony. La.Civil Code, Arts. 198, 199, 202, 203, 204, 918, 919, 920.

Of the cases cited Taylor v. Allen, supra, goes no further than to approve the settled jurisprudence that an illegitimate child may be informally acknowledged. The question of whether a bastard may be acknowledged was not decided. The other cases cited by the Court, so far as they may be in point on that question, have been superseded by later decisions.

In the following cases it was held that a child issue of an adulterous connection could not be acknowledged and was incapable of inheriting. Suc. of Fletcher v. Decoudreau, 11 La.Ann. 59; Marshall v. Smedley, 166 La. 364, 374, 117 So. 323; Prieto v. Suc. of Prieto, 165 La. 710, 717, 115 So. 911. In Gullung v. Dalgarn Const. Co., La. Court of Appeal, Vol. 1, p. 147, it was held an adulterous child could not be acknowledged. In Suc. of Gravier, 125 La. 733, 734, 51 So. 704, the persons seeking to inherit were descendants of an illegitimate child, issue of a connection between a white man and a negro woman, whose marriage was prohibited by law. It was held inheritance depended on acknowledgment; that he had not been acknowledged; that he came in the same category as an adulterous child; and that had his father and mother attempted to acknowledge him it would have been void. In Jones v. James, 1930, 12 La.App. 224, 125 So. 761, it was expressly held a bastard brother could not inherit from his bastard sister.

In O'Quain v. United States, 5 Cir., 31 F.2d 756, we held that under Art. 923, La. Civil Code, illegitimate brothers and sisters could not recover the proceeds of a war risk insurance policy issued to their il-

legitimate brother unless he had been acknowledged.

We consider that "natural child" as used in Art. 923, La.Civil Code, means an illegitimate child of a father and mother as to whose marriage there was no impediment and who had been acknowledged by them. Conceding that an illegitimate child may be informally acknowledged by its mother, it is clear that an adulterous bastard could not be acknowledged either formally or informally, by either the father or mother, so as to change his status as fixed by the law. Adulterous bastards are excluded from the provisions of Art. 923, La.Civil Code, and do not inherit directly one from the other or through their mother, regardless of whether she has attempted to acknowledge them.

The judgment appealed from is reversed and the cause remanded with instructions to dismiss the suit, costs to be paid by appellee.