## VICTOR vs. TAGIASCO'S EXECUTOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The surviving husband, not separated in bed and board inherits the estate of his deceased wife, who *died without* leaving descendants, ascendants or collateral relations duly acknowledged, in preference to her natural brother.

The surviving wife is called to the inheritance and preferred to all the natural relations of the husband, and he to all her natural relations except those of the descending line.

The plaintiff alleges that he was married to Marie Tagiasco f. w. c. in June 1831, by whom he had several children; that in May 1833 his wife and children died with

the cholera; and that a few days before her death his wife
made a will, in which, after bequeathing a few legacies
she instituted her children her universal heirs and named
Jean Louis Doliole f. m. c. her testamentary executor,
who caused an inventory to be made of said estate; all
this took place during the temporary absence of the plain-
tiff. He alleges that he is the surviving husband of the
deceased Marie Tagiasco who has left no lawful ascendants,
descendants or collateral relations, and that he has never
been separated from his said wife in bed and board, and
therefore entitled to inherit her succession in his capacity
of surviving husband. He alleges he has demanded the
delivery of said succession from the executor as sole heir of
his deceased wife, who refuses to give it up: he prays that
the executor be compelled to surrender up the whole of
said succession and to render a faithful account of his
administration, &c.

The executor in his answer plead the general issue; and
that Louis Baptist Roux f. w. c. and mother of the deceased
Marie Tagiasco, in her last will in which she recognized
the deceased to be her natural child, also recognized one
Jean Tagiasco f. m. c. as her son, and brother of the de-
ceased, and as such has a right to claim her succession,
&c: he prays that the said Jean Tagiasco to be made a
party to the suit as he has no other interest than as
executor, &c.

The natural bother appeared and answered, asserting
his heirship and claim to his deceased natural sister's
succession, and prayed that the plaintiff's claim might be
rejected, &c.

By a statement of facts made upon the trial, the facts set
out in the pleadings were admitted to be substantially
correct.

The Judge of Probates considered the sole question to be
whether the plaintiff as surviving husband, is to be prefered
as heir, to the natural brother of the deceased, in inherit-
ing her succession; and that it was to be decided on the
following article of the *La. Code: article* 918. "If a

married man has left no lawful descendants nor ascendants nor any collateral relations but a surviving wife not separated from bed and board from him, the wife shall inherit from him to the exclusion of any *natural* child or children duly acknowledged."

"If, on the contrary it is the wife who died without leaving any lawful descendants, ascendants or collateral relations, her surviving husband not separated from bed and board from her, shall not inherit from her except in case she should leave no natural child or children by her duly acknowledged."

In this case it is a surviving husband who claims to inherit the *succession* of the deceased. The only remaining question is whether the said wife has left any lawful descendants, ascendants or collateral relations, or any natural child or children by her duly acknowledged, and whether there was a separation of bed and board, &c.

The statement of facts which is the evidence of the case has answered the question in the negative, the conclusion is that the husband must inherit. Judgment was accordingly rendered ordering the testamentary executor to deliver up the succession to the plaintiff, pay over all monies by him received, and render an account, &c. The widow and heirs of Jean Tagiasco the natural brother of the testatrix appealed.

*D. Seghers* for the plaintiff and appellee.

*Pichot* for the appellants.

MARTIN, J., delivered the opinion of the court.

The defendant was sued by the late husband of his testatrix who claimed her estate on an allegation that he had never been separated from her, and that she left neither ascendant or descendant, nor collateral relations capable of inheriting.

His pretentions were resisted on the ground that the

defendant's testatrix had left a natural brother who was entitled to her estate in preferance to the plaintiff her late husband.

There was judgment for the plaintiff, and the natural brother having died, in the meantime his widow and the natural tutrix of his children appealed.

The only question which the case presents for solution is whether the Court of Probates was correct in prefering the claim of the husband to that of the natural brother.

The pretensions of the appellee rest on the articles of the *La. Code* which provides that if a married man has left no lawful descendants, ascendants or any collateral relations, but a surviving wife not separated from bed and board from him, the wife shall inherit from him to the exclusion of any natural child or children duly acknowledged. On the contrary, if it is the wife who died without any lawful ascendant, descendant or collateral relation her surviving husband not separated in bed and board from her shall not inherit from her, except in case she should not leave any natural child or children duly acknowledged.

*The surviving husband, not separated in bed and board inherits the estate of his deceased wife, who died without leaving descendants, ascendants or collateral relations duly acknowledged, in preference to her natural brother.*

The Court of Probates has thought that the article being clear and free from ambiguity, and the plaintiff having brought himself clearly within it, his pretensions could not be resisted: that the article 918 could only be reconciled with the preceding by being considered as an exception thereto; and that it could be more easily reconciled with *it,* than with the article 923.

On the part of the appellant we have been referred to the works of several French authors on the construction and interpretation of several articles of the *Napoleon Code* which are similar to those of the *La. Code,* relied on this case, and which are considered to bear very great analogy to the latter. 8 *Tissandier* 385 *No.* 1945. *Favard de L'Anglade des successiones* 154. *Rogrion on article* 766 *de Code Napoleon.* 4 *Toullier* 280 *No.* 269. 3 *Duranton livre* 3, *titre* 1.

It has appeared to us that the Court of Probates did not err. In our legislation the surviving wife is preferred to all

EASTERN DIS. the natural relations of the husband, and he to all her
*June, 1834.* natural relations except those in the descending line. *La.*

The surviving wife is called to the inheritance and preferred to all the natural relations of the husband, and he to all her natural relations except those of the descending line.

*Code* 918 and 913. It is true some provision is made for natural brothers and sisters and their descendants. *Ib.* 917; to which an exception is made for the surviving wife or husband. *Ib.* 918. If in order to place *either of these* in the situation the legislator has clearly assigned them natural brothers and sisters, or their descendants are in certain cases postponed to the former; Courts of Justice merely comply with the will of the legislator in giving to the surviving spouse his legitimate rank.

It is therefore ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed with costs.