ANNETTE LAYRE *v.* JEAN PASCO.

The State can only take a succession where there is no one entitled to the inheritance, or where it is not claimed by any one having a right thereto. C. C. 477, 911, 917, 923. Such was the case under the Code of 1808, and under the Spanish laws.

Natural brothers and sisters will inherit from each other, where their father and mother died before the child from whom the estate descends. C. C. 917. Article 923 of the Civil Code does not exclude the idea of natural brothers and sisters being entitled to inherit. It must be construed with reference to the preceding articles. Arts. 923 and 917 must be regarded as one continuous act of legislation *in pari materia.*

Where a party has been put in possession of a succession, as testamentary heir, by a decree of the Court of Probates, that court is divested of all control over the estate; and one who claims the property as the heir at law of the deceased, must proceed before the courts of ordinary jurisdiction. Nor is it requisite, before instituting such revendicatory action, that the claimant should be recognized as heir by the Probate Court; this is only required while the succession continues under the supervision of the court by which the executor, administrator, or curator was appointed.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

*Bodin* and *J. Seghers,* for the plaintiff.

*R. Preaux,* for the appellant.

SIMON, J. The plaintiff alleges, that she is the sole heir of Marie Rose Layre, her sister, who died without leaving any descendants or ascendants, legitimate or natural. That the succession of the deceased was opened before the Court of Probates of the Parish of Orleans, and is composed of certain personal and real property, which is in the possession of the defendant, who pretends to be the owner thereof, under a will of the deceased, which, for certain reasons stated in the petition, is null and void. She prays to be recognized and decreed to be the sole and lawful heir of her sister; that the will be declared null and void; and that the defendant be condemned to restore the possession of the property belonging to the succession, &c.

The defendant first excepted to the jurisdiction of the court; but his exception was overruled. He afterwards filed an answer to the merits, alleging that the plaintiff has no right of

action, because she is not a legitimate relation of the deceased, and has never been recognized as her heir. He further denies all the allegations contained in the petition.

Judgment was rendered below in favor of the plaintiff, for the lot of ground and improvements thereon erected, described in the plaintiff's petition; from which judgment, after having vainly attempted to obtain a new trial, the defendant has appealed.

One of the grounds on which the will is attacked in the petition, is, that the deceased could not, under our laws, make any donation, whether *inter vivos*, or *mortis causa*, to the defendant, as the deceased and the defendant had lived together, up to the time of the death of the deceased, in open concubinage.

The claim of the plaintiff appears to be resisted on three distinct grounds, which have been strenuously urged before us on the argument of this cause. · It is contended :

1st. That the plaintiff, who is only the natural sister of the deceased, is by law excluded from setting up any claim to her inheritance.

2d. That said plaintiff never was legally and regularly recognized as the heir of the deceased before the Court of Probates; this being a prerequisite to her instituting any action for the recovery of the property belonging to the succession.

3d. That the concubinage alluded to in the 1468th article of the Civil Code is therein qualified, and required to be an open concubinage; and that, in this case, no such open concubinage has been established.

I. In support of his position, the defendant's counsel has relied upon the 923d article of the Civil Code, which provides, that "in defect of lawful relations, or of a surviving husband or wife, or acknowledged natural children, the succession belongs to the State." Hence, he has argued that the plaintiff is excluded from the right of inheriting from her natural sister, since the law clearly indicates that the State is to take the succession, in the absence of those who are therein denominated, among whom natural brothers and sisters are not included. This, it seems to us, is a *non sequitur*. If we refer to the 911th article of the same code, we

find, that " when the deceased has left neither lawful descendants, nor lawful ascendants, nor collateral relations, the law calls to his inheritance either the surviving husband or wife, or his or her natural children, or *the State, in the manner and order hereafter directed.*" Here again, there is no mention made of natural brothers and sisters ; and yet, among the following articles, which establish *the manner and order* in which the right of inheritance is to be regulated, we come to the 917th article which says : " if the father and mother of the natural child died before him, *the estate of such natural child shall pass to his natural brothers and sisters,* or to their descendants." These articles of the Louisiana Code, which are *verbatim* the same as those in the Code of 1808, pp. 154 and 156, articles 43, 49, and 51, were originally borrowed from the Spanish laws, which contain the same provisions. In the law 6th, tit. 13, part 6th, corresponding to our articles 911 and 923, it is said, that the estate will belong to the King, if the deceased leaves no one of the relations therein denominated, (among whom natural brothers and sisters are not comprised) ; and in the law 12th, of the same title, it is provided in what manner natural brothers may inherit among themselves. This law corresponds to our 917th article. Now, with regard to the right of the State to inherit, in the absence of the legal heirs of the deceased, the article 923 does not stand alone. We have article 477 of our Code, in which the rule is broadly stated to be, that " *the successions of persons who die without heirs, or which are not claimed by those having a right to them, belong to the State.*" From all these different provisions it is clear, that the intention of the Legislature was, that the State should only take, where there was no one legally entitled to claim the inheritance, or when such inheritance was not claimed by any one having a right thereto. It was so under the Spanish laws, as well as under our former code ; and the re-enactment of its articles in our present legislation shows, that it was so understood by the jurists who were charged to prepare our codes. It seems to us, that the article 923 does not exclude the idea of natural brothers and sisters being entitled to inherit. That article is included in the same chapter with the 917th, under the title of " *Irregular Successions ;*" and, as coming after all the previous provisions regulating *the man-*

*ner and order* in which the right of inheritance is to be exercised, it must be construed in reference to the preceding articles. This was recognized by this court in the case of *Laclotte* v. *Labarre*, 11 La. 180, in which it was held, that both articles may be regarded as one continuous act of legislation *in pari materia*.

We have been referred to the case of *Victor* v. *Tagiasco*, 6 La. 644, in which it was urged, that this court seems to have entertained a different opinion ; and the counsel, relying upon its application to the present case, confidently called upon us to overrule the decision reported in 11th La., as being contrary to a previously settled jurisprudence. The counsel must have been laboring under a great mistake ; for the case referred to, far from sustaining his pretensions, recognizes impliedly, if not expressly, the provision contained in article 917, and holds, that "if, in order to place either the surviving husband or wife in the situation the Legislature has clearly assigned them, *natural brothers and sisters, or their descendants, are, in certain cases, postponed to the former*, courts of justice merely comply with the will of the legislator, in giving to the surviving spouse his legitimate rank." This is very far from declaring, that natural brothers and sisters are not entitled to inherit.

II. This action may be considered as a petitory one, brought against a third possessor. The plaintiff must recover upon the strength of her title to the succession of her sister ; and for that purpose, she must show that she is the natural sister of the deceased, and that the deceased left no lawful heir entitled to her inheritance. This has been done satisfactorily. The evidence establishes, that the defendant was put in possession of the estate, as testamentary heir, by a decree of the Court of Probates. It was, therefore, useless for the plaintiff to attempt to demand the possession of the property of the succession, since it had been delivered to the defendant, and the estate had ceased to be under the control and supervision of the Probate Court. Her application to the Court of Probates would have had no object, as that court was no longer possessed of any power over the succession, and, consequently, no order could have been rendered to take it out of the defendant's hands. The action of revendication was left to the plaintiff, and we are not prepared to say, that previous to

her instituting it, it was necessary that she should have been recognized as heir by the Probate Court. This requisite is only to be complied with, as long as the succession is under the supervision of the court by which the administrator, curator, or executor has been appointed, as it seems to us, that after delivery to the heir who is apparently entitled thereto, it would be requiring a vain thing. *Lex neminem cogit ad vana.*

III. This is a question of fact, which is easily answered by the evidence. It is not necessary for us to enter into any detail of the disgusting facts disclosed by the testimony. To illustrate the immoral conduct of the defendant, it suffices to say, that the allegation of concubinage is clearly made out, and that the record shows, satisfactorily, that the deceased and the defendant lived together in open and notorious concubinage. The English text of art. 1468 of the Civil Code is fully applicable.

With regard to the exception of jurisdiction: it was not insisted on by the defendant's counsel, and was properly overruled by the Judge, *a quo*. The rule is well established, that " when an action of revendication is instituted by an heir at law, against the testamentary heir or universal legatee, who has been put in possession of the estate, and who sets up the will as his title to the property, District Courts are the proper tribunals in which such suits must be brought." *Robert v. Allier*, 17 La. 15.

*Judgment affirmed.*

---

Françoıs Gıllett and others v. Charles Deranco.

One who has been employed by the partners in liquidation of the affairs of a commercial partnership, cannot claim a commission on the value of goods divided in kind among the partners; but he is entitled to a compensation proportioned to the trouble to which he was subjected in making such division.

Appeal from the Commercial Court of New Orleans, *Watts*, J. *Benjamin*, for the plaintiffs.
*Bodin* and *Roselius*, for the appellants.