MONROE, J.
Homer Nereaux died in October, 1903, intestate and -without issue, and the application of his widow in community to be appointed administratrix of his estate was opposed by Norbert Nereaux, who alleges that he is the brother and nearest heir of the decedent. To this the widow answers, denying the alleged filiation, and the opposition was tried upon the issue so made and decided adversely to the opponent, who has appealed.
The evidence shows that a good many years before the Civil War Theodule Pruett and Nancy Madden were living in Iberville parish as man and wife; that Nancy Madden left Pruett, and thereafter lived with Edmond Nereaux as his wife; and that Homer Nereaux, the decedent, and another son, were born of that connection during the life of Pruett. It further shows that Nancy Madden died, and that Edmond Nereaux then married Pauline Demolet, by whom he had several children, including the opponent. There is no proof that Nancy Madden was iharried to Pruett, or that she was divorced from him, but it is shown that it was common rumor that Edmond Nereaux had taken Theodule Pruett’s wife, and it is not shown that she was ever married to Nereaux.
In order to entitle the opponent to a judgment, he should show that the decedent was his lawful brother, either of the whole or of the half blood, for “the surviving wife is called to the inheritance, and preferred to-all the natural .relations of the husband, and he to all her natural relations, except those of the descending line.” Victor v. Tagiasco’s Executor, 6 La. 542; Succession of Ducloslange, 2 La. Ann. 98; Montégut v. Bacas, Exctr, 42 La. Ann. 160, 7 South. 449.
The judge a quo was of the opinion that the required proof had not been made, 'and we concur in that conclusion. The judgment appealed from is accordingly affirmed.