No. 3611

Second Circuit

———

JONES v. JAMES ET AL.

———

(January 31, 1930. Opinion and Decree.)

———

Julius Nachman and Isaac Wahlder, of Alexandria, attorneys for plaintiff, appellee.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendants, appellants.

ODOM, J. Archie and Malinda Fields, two aged colored persons, were man and wife and owned a tract of land in Rapides Parish which belonged to the community which existed between them. Archie died leaving neither father, mother nor descendants, and without having disposed by last will and testament of his share in the community property. His undisposed of share in the community was therefore inherited by his surviving spouse, Malinda. Civil Code, art. 915.

Malinda died a short time thereafter, leaving neither ascendants nor descendants, nor did she leave a last will. A short time prior to her death, there was executed in Malinda Fields' name a purported deed conveying her real estate to these defend-

ants, Amos James and his wife, Julia, who went into possession of the property under the deed and were in possession of it at the time this suit was filed.

The plaintiff, Walter Jones, Sr., alleging that he was a brother and sole heir of Malinda Fields, brought this suit to set aside the purported transfer from Malinda Fields to the defendants, setting up that the same is null and void for reasons not necessary to mention here, and praying that it be set aside, and further praying for judgment "decreeing and adjudging your petitioner as the sole and only heir of the late Malinda Fields and further decreeing and adjudging your petitioner to be the owner of the property described in Paragraph Four of this petition."

Defendants in limine filed an exception of no cause and no right of action grounded upon the proposition that as plaintiff claimed the property as a collateral heir of Malinda Fields, it was necessary for him to allege, in order to set out a cause and right of action, that he had been judicially recognized as heir of the deceased, which was not done. This exception was overruled. Defendants, reserving their rights under the exception, filed answer specifically denying that plaintiff was a legitimate brother of the deceased and setting up that he had inherited and could inherit nothing from her, not being a lawful heir.

The district judge held that the purported transfer by Malinda Fields to these defendants was null and void and of no effect. He further held and ordered "that plaintiff, Walter Jones, Sr., be recognized an heir (not the sole heir as alleged) of the late Malinda Fields and decreed the owner of the following described property in the proportion due him as an heir of the late Malinda Fields, and that the heirs at law of the late Malinda Fields be decreed the owners of the following described property and entitled to the possession of same."

## OPINION

We have not found it necessary to pass on the ruling of the lower court overruling defendants' exception of no cause and no right of action, as we prefer to rest our decision on the merits.

Plaintiff alleged that he was an heir of the deceased and had inherited her succession. The burden was upon him to prove that. This, he failed to do and the judgment recognizing him as such or as "an heir" of deceased, must be reversed.

Plaintiff is a colored man and was born a slave. His father, Robert Jones, and his mother, Mary Argrove, both slaves, were married during slavery with the consent of their master, the marriage ceremony being celebrated by a minister of the gospel. This marriage produced no civil effect until and unless ratified by the parties by continued cohabitation after their emancipation or by acknowledgment, as required by the Act of 1868.

Johnson vs. Raphael, 117 La. 967, 42 So. 470;

Succession of Walker, 121 La. 865, 46 So. 890;

Succession of Blackburn, 154 La. 618, 98 So. 43.

While there is no testimony showing that Robert Jones and Mary Argrove ratified their slave marriage by living together after their emancipation, it seems to be conceded that they did; at any rate, counsel for both plaintiff and defendants refer to Walter Jones, plaintiff, as a legitimate child and we shall so consider him.

Plaintiff claims to be a brother and an heir of Malinda Fields. He testified, however, that he was only a half brother. Aside from plaintiff's bare statement that he was a half brother of the deceased, the only testimony in the record showing any blood relationship between plaintiff and the deceased, Malinda Fields, was given by Mr. Jefferson Wells, a white man, 95 years old, whose father owned both plaintiff and deceased. Mr. Wells testified that his father owned Robert Jones and Mary Argrove and that plaintiff was born on his father's plantation and that he had known plaintiff all of his life. He testified further that he had known the deceased, Malinda Fields, all of her life; that she was also born a slave on his father's plantation and that "the whole plantation called her 'Malinda Jones' and looked upon her as Robert's daughter." The "Robert" referred to was Robert Jones, plaintiff's father. Mr. Wells explained, however, that Malinda was not born of the marriage between Robert Jones and Mary Argrove, but of a union between Robert Jones and a woman named Maria Clark. Robert Jones and Maria Clark, he said, lived together on his father's plantation with his father's consent and, while he did not specifically say so, he evidently meant to convey the impression that the deceased, Malinda, was the child of Robert Jones and Maria Clark. He testified that Robert Jones lived with this woman, Maria Clark, before he married Mary Argrove and that they separated "and he married Mary (Argrove) who was my nurse, and she had four children—there was Matilda, Christine, born on Christmas, Dan and this boy (plaintiff) was the last one." Conceding, therefore, that plaintiff and deceased were the children of a common father, Robert Jones, and it being shown that they had a different mother, plaintiff has proved that he was a half brother of deceased, as he tes-

tified. Having made this showing, counsel contend that plaintiff's right of inheritance has been established. They are in error.

Malinda Fields, the deceased, was born of a union not sanctioned as a slave marriage even by slave custom. Her father and mother lived together, it is true, with the consent of their master, but there was no marriage between them, according to slave custom—they simply "took up together," and Mr. Wells says that was a common practice among slaves. But deceased's father left her mother and married another woman, plaintiff's mother. The deceased was therefore an illegitimate child of plaintiff's father and was never acknowledged by him. She was, therefore, a bastard. Civil Code, art. 202. So this question is presented: Did plaintiff inherit from his bastard half sister? The answer is, no.

Article 912 of the Civil Code, found under the heading, Of the Succession of Collaterals, provides that:

"If a person dies, leaving no descendants nor father nor mother, his brothers and sisters, or their descendants, inherit the whole succession to the exclusion of the ascendants and other collaterals."

But this has reference to lawful brothers and sisters, lawful collaterals.

"Illegitimate children generally speaking, belong to no family, and have no relations; accordingly they are not submitted to the paternal authority, even when they have been legally acknowledged."

Civil Code, art. 238.

In the case of Montegut vs. Bacas, Executor, 42 La. Ann. 158, 7 So. 449, 450, it was held that "an illegitimate child has no relations in a legal sense in the ascending or collateral line," and further, that "in Art. 917, Rev. Civil Code, therefore 'collateral relations' refer to legal or lawful collaterals."

Only legitimate and natural brothers and sisters inherit from each other. Even fathers and mothers do not inherit from their illegitimate children, unless they have acknowledged them. Civil Code, art. 922. Legitimate children are those who are born during marriage. Civil Code, art. 179. Natural children are those who, although illegitimate, have been duly acknowledged by their parents. Civil Code, art. 202.

In Succession of Gravier, 125 La. 733, 51 South. 704, it was specifically held that acknowledgment is a prerequisite, a sine qua non, to the inheritance ·by brothers and sisters of the estate of a sister born out of wedlock. And in the case of Cordill vs. Quaker Realty Company, 130 La. 933, 58 South. 819, it was held that the property of Delphine Gravier claimed by her illegitimate collaterals ·in the Gravier case, supra, went to the State in default of heirs. The Gravier case, supra, covers the one at bar like a wet blanket. There, as here, the estate of a deceased person was claimed by collaterals. There it was shown that Delphine Gravier was an illegitimate child never acknowledged by her father, and it was held that her brother and sisters, or their descendants, did not inherit her property. Here, Malinda Fields was an illegitimate child never acknowledged by her father, and it must be held that Walter Jones, her half brother, could not inherit from her.

Counsel for plaintiff call our attention to article 923 of the Civil Code, which reads:

"If the father and mother of the natural child died before him, the estate of such natural child shall pass to his natural brothers and sisters, or· to their descendants."

They speak of Malinda Fields as the natural sister of plaintiff. But she was not such in fact. A natural child is an illegitimate child who has been acknowledged by its parents. There is not one scintilla of evidence in this record to show that Robert Jones ever acknowledged Malinda as his child, or that he reared her as such. Mr. Wells says that she was considered by all those on the plantation as Robert's child, but there is no evidence that Robert ever said so and none that he treated her as such.

Counsel for plaintiff say in brief, "From the record there seems to be no doubt that Walter Jones is in fact the legitimate half brother of Malinda Fields." Counsel, we presume, base their statement to this effect upon the testimony that Malinda's father and mother, as slaves, lived together with their master's consent. But such living together did not constitute marriage under the slave custom. In the case of Johnson vs. Raphael, supra, it was held that while art. 182 of the Civil Code of 1825 inferentially permitted the marriage of slaves with the consent of their masters, it did not dispense with the celebration of nuptials in such cases. There was no celebration of nuptials when Robert Jones and Maria Clark "took up together" nor was there any later. Robert Jones left deceased's mother during slavery and married another woman.

Plaintiff, not being an heir to the deceased, not having inherited anything from her, has no standing to attack the instrument purporting to transfer the property of deceased to these defendants. The district judge held that the instrument attacked is null and void. Even so, plaintiff has no right to attack it.

For the reasons assigned, it is ordered and decreed that the judgment appealed from be reversed and set aside; and that plaintiff's demands be rejected and his suit dismissed at his cost in both courts.