HITE et al. v. HITE et al.

No. 1666.

Court of Appeal of Louisiana. First Circuit.

Dec. 10, 1936.

Harris Gagne and Elton A. Darsey, both of Houma, for appellants.

Ellender & Ellender and Wallis & Butler, all of Houma, for appellees.

DORE, Judge.

The two plaintiffs, Cora and Eliza Hite, allege that they, together with their brother Marshall Hite, are the sole heirs of John Hite, their deceased brother; that their said deceased brother died intestate and without ascendants or descendants; that he was unmarried. They further allege that on April 18, 1933, an ex parte judgment was rendered in the district court of Terrebonne

parish in the succession proceedings of John Hite, their deceased brother, recognizing one Wesley Hite and one James Hite as the sole heirs of said John Hite, deceased, putting them in possession of certain real estate left by the deceased, which property is described in the judgment; that said Wesley Hite was the adulterous bastard of said John Hite, deceased, the issue of his illicit relations with Agnes Settler, then the wife of Grey Rounds; that said James Hite is the son of Alexander Hite, another adulterous bastard, also issue of said illicit relationship between said John Hite and Agnes Settler, the said Alexander Hite being dead.

Petitioners further allege that Wesley Hite died on March 7, 1935, leaving a will which was admitted to probate and in which he made Erasmus Jordan his universal legatee and appointed J. Louis Watkins, his testamentary executor; that said Agnes Settler is dead, without heirs, and her succession has never been opened.

The prayer of the petition is that the two petitioners with their brother Marshall Hite, be decreed the sole and only heirs of John Hite, deceased; that the ex parte judgment of date of April 18, 1933, in the succession of John Hite, recognizing said Wesley and James Hite as the heirs of John Hite, be set aside and annulled; and also that the ex parte judgment rendered in the succession of Wesley Hite on June 15, 1935, recognizing his universal legatee as owner of the property claimed by said Wesley Hite through the succession of said John Hite, be likewise set aside and annulled.

The testamentary executor and universal legatee of Wesley Hite filed an exception of vagueness on the ground that the petition did not show in what capacity the two plaintiffs and their brother, Marshall Hite, were heirs to John Hite, their alleged deceased brother; whether the father and mother of the plaintiffs and their deceased brother, John Hite, were ever married, and, therefore, whether or not they were the legitimate heirs of said deceased. This exception was sustained, whereupon plaintiffs filed an amended petition, in which they averred that they, together with said John Hite and Marshall Hite, were born in slavery, the issue of Emily Hubbard while she was living with Wesley Hite, Sr., as his slave-wife; that said Emily Hubbard and Wesley Hite, Sr., lived together after they were freed, reared their said children, and publicly and openly recognized them as their children; that after the birth of said children, their father and mother, Wesley Hite and Emily Hubbard, were legally married, and that, by reason of these facts, plaintiffs and their two brothers were the natural children of their said parents.

An exception of no cause or right of action was filed by all defendants, which exception was referred to the merits. The defendants answered, admitting the death of John Hite, and that he left no lawful descendents or ascendants, but alleging that he left a lawful wife, viz., Agnes Settler, to whom he was married on May 15, 1902. They admit that said Agnes Settler was married to Grey Rounds in 1882, and aver that said Wesley Hite and Alexander Hite, the latter the father of James Hite, were born during the marriage of said Agnes Settler and Grey Rounds, viz., in 1893 and 1888, respectively, and their paternity was never contested by the husband Grey Rounds; that while said Wesley Hite and Alexander Hite, and James the son of the latter, went by the name of Hite, yet as a matter of fact the two former were the lawful issue of the marriage of Agnes Settler and Grey Rounds, and the latter is the lawful issue of said Alexander Rounds, alias Hite, with one Emma Davis. They allege that Agnes Settler secured a divorce from Grey Rounds in 1902, just prior to her marriage to John Hite, and, at the death of said John Hite, she was his sole heir, entitled as such to be put in possession of his estate; that, while she did not exercise her right of being put in possession of the estate during her lifetime, yet she transmitted that right to her heirs under article 949 of the Civil Code. They further admit that Wesley Hite and James Hite were put in possession of the succession of John Hite as his heirs, but aver that the proceedings in that succession were instigated and conducted by Wesley Hite under a mistake of fact and of law, and that said Agnes Settler was in no way a party to said proceedings.

Judgment was rendered, rejecting the demands of the plaintiffs, and they appealed.

The evidence shows that Agnes Settler secured a divorce from Grey Rounds on the 11th day of April, 1902, on allegations and proof of adultery on the part of Rounds. It is further shown that Agnes Settler was legally married to John Hite on May 15, 1902. There is nothing in the record to show that there was any impediment existing to prevent this marriage, nor is there any evidence to show that this marriage of Agnes Settler and John Hite was ever dis-

solved prior to the death of John Hite. At the time of his death, Agnes Settler was his lawful wife.

It does not appear from the evidence or records introduced in evidence that Agnes Settler ever appeared as a party to the succession proceedings of John Hite. These proceedings were instituted and carried on by Wesley Hite. Nor does it appear that the surviving spouse or wife ever filed any proceedings to have herself recognized as the heir of said John Hite, prior to her death, and to have herself put in possession of the estate as heir in default of lawful descendants, ascendants or collaterals. No one contends that John Hite left any lawful ascendants or descendants at his death. According to the plaintiffs' supplemental petition, as well as the proof in the case, the plaintiffs and John Hite were only natural sisters and brother. The question then arises: Who was the heir or heirs of John Hite at his death?

The question is answered by article 924 of the Revised Civil Code, the first paragraph of which reads as follows: "If a married man has left no lawful descendants nor ascendants, nor any collateral relations, but a surviving wife not separated from bed and board from him, the wife shall inherit from him to the exclusion of any natural child or children duly acknowledged."

The collateral relations referred to in this article of the Code mean lawful collateral relations and not natural brothers and sisters. See Montegut v. Bacas, Executor, 42 La.Ann. 158, 7 So. 449. A surviving wife is called to the succession of her deceased husband in preference to the natural brothers and sisters. See Duplessis v. Young, 11 La.Ann. 120; also Victor v. Tagiasco's Executor, 6 La. 642. It follows that on the death of John Hite, his wife, Agnes Settler, was called to his succession in preference to the plaintiffs who are his natural sisters. The fact that a judgment was rendered in the succession proceedings of John Hite recognizing Wesley Hite and James Hite as his heirs did not have the effect of excluding Agnes Settler as the lawful heir of her husband, particularly in view of the fact that she was not a party to these proceedings.

It is true that Agnes Settler, prior to her death, did not have herself recognized as the heir of her husband and be put in possession of his estate as required by article 930 of the Civil Code. However, she transmitted her rights in that respect to her heirs. C.C. art. 949. As the right to inherit the property left by John Hite was in Agnes Settler at the time of her death, it follows that only her heirs would have any interest in the property. Plaintiffs do not claim as heirs of Agnes Settler nor do they set up any rights through her. Whether or not Wesley Hite and James Hite are the lawful heirs of Agnes Settler is not now an issue in the case. Suffice it to say that the plaintiffs do not show that they are the heirs of Agnes Settler, nor do they make any claim to the property through her, and as the right to claim the property remains in the heirs of Agnes Settler, whoever they are, it follows that plaintiffs have no interest in the matter. Only those who have a real interest in the subject-matter have a standing in court to assert that interest. See C.P. art. 15; Jones v. James et al., 12 La.App. 224, 125 So. 761.

For these reasons, the judgment appealed from is affirmed.