This is a petitory action. Plaintiff alleged she is the true and lawful owner of the North Half of Lot 3 in Block 5 of the Crawford Wright Addition to the Town of Winnfield, Louisiana, as described by deed appearing of record in Book EE, Folio 681 of the Conveyance Records of Winn Parish, Louisiana. Plaintiff alleged that she acquired said property by inheritance from Eva Turner Dias Henderson Rogers, as shown by judgment of date August 23, 1941 in proceedings bearing No. 890 on the Probate Docket of the Eighth Judicial District Court for Winn Parish, wherein she was recognized as sole heir of said decedent and put into possession of said property.
Plaintiff further alleged that Frank Rogers is in actual physical possession of the property without any title whatsoever thereto and refuses to deliver possession of the property to her without any good or legal reason for said refusal. She prayed for judgment recognizing her as the true and lawful owner of said property described above, and for an order directing Frank Rogers to deliver possession to her.
Defendant filed a prayer for oyer of the documents in proceedings No. 890 alleged upon by plaintiff, and when same was answered by producing the entire proceedings, defendant filed exceptions of no cause and no right of action which he urged the lower Court to pass upon. The Court referred the exceptions to the merits of the case. Defendant again urged the exceptions before proceeding to take testimony in the case and he reurged them in his answer.
The lower court heard the case on its merits and decided it in favor of defendant, rejecting plaintiff's demands. She is prosecuting this appeal.
In this court appellee has filed and is still urging his exceptions of no cause and no right of action.
Plaintiff based her title to the property herein involved on a judgment rendered in an ex parte proceeding which was produced in answer to a prayer for oyer. The petition in said proceeding upon which the judgment is based is as follows:
"The petition of Primrose Goodar Dias Wilson, wife of Robert Wilson, of the Parish of Natchitoches, Louisiana, with respect represents:
"1. That Eva Turner Dias Henderson Rogers, wife of Frank Rogers, died intestate and without leaving any forced heirs, in Winn Parish, State of Louisiana, on or about the 25th day of February, 1939.
"2. That her mother, Carrie Dias, preceded Eva Turner Dias Henderson Rogers *Page 651 
in death about 1900, in Winn Parish, Louisiana.
"3. That Carrie Dias was never married, but had born to her two children, namely; Primrose Goodar Dias and Eva Turner Dias.
"4. That Eva Turner Dias married a man by the name of Gus Henderson and that they established their matrimonial domicile in Winnfield, Winn Parish, Louisiana, and about 1920 Guss Henderson took his departure and Eva did not know whether or not he died; but on or about the 6th day of January, 1927, she married Frank Rogers.
"5. That on September 19, 1924, Eva Turner Henderson (born Dias) bought the following described property from W.O. Averett, a resident of Winnfield, Winn Parish, Louisiana:
"N 1/2 of Lot 3, Block 5, Crawford Wright Addition to the Town of Winnfield, as shown by deed recorded at page 681, Conveyance Record Book EE of Winn Parish, Louisiana, and that she bought and paid for said property while living separate and apart from the man Henderson whom she had married.
"6. That Carrie Dias reared Primrose Goodar Dias and Eva Turner Dias until they were five and three years old, respectively, and at this time departed this life and always represented to the world that these girls were her own children born to her.
"7. That after the death of Carrie Dias, Malinda Winslow, an aunt of Primrose and Eva, took them into her home and reared them until they were grown, and that she knows of her own knowledge that Primrose Goodar Dias and Eva Turner Dias are the children born to Carrie Dias.
"8. That the succession owes no debts and the property listed herein was the property of Eva Turner Dias Henderson Rogers.
"9. That said property is worth $500.00 and has borne its just proportion of taxes during the life of decedent and is wholly exempt and does not owe any inheritance tax.
"10. That Bryant Sholars, Sheriff and Ex-Officio Tax Collector for the Parish of Winn and State of Louisiana, should be cited and ruled to show cause, if any he has or can, why petitioner cannot be placed in possession of all the property of which decedent possessed with recognition of ownership, and that without payment of any inheritance tax.
"Wherefore, the premises and annexed documents considered, petitioner prays that she be recognized and placed in possession of all said above and foregoing described property, as sole and only heir, of which decedent died possessed and all other property which decedent died possessed, whether listed in this petition or not.
"Petitioner further prays for all necessary orders in the premises and for full, general and equitable relief."
It therefore follows that if the allegations of that petition, which must be taken as true, do not show that plaintiff was entitled to a judgment recognizing her as the true and lawful owner of the land involved herein, then she has not alleged a title in herself and could not recover in a petitory action based on such a title. Plaintiff has alleged in that petition that she and decedent were half-sisters, both being daughters of Carrie Dias, who was never married; that plaintiff's father was a man by the name of Goodar and decedent's father was a man by the name of Turner. She does not allege that either of their fathers ever acknowledged them, but that their mother did acknowledge them by her acts in holding them out to the world as her children. She also alleged that when her half-sister died, she was the wife of Frank Rogers, who is still living and claiming ownership of the property involved here.
Since plaintiff and decedent were not acknowledged by their fathers, we are inclined to the opinion they are bastards, under the provisions of Article 202 of the Revised Civil Code and cannot inherit one from the other, Jones v. James, 12 La.App. 224, 125 So. 761; Succession of Lacosst, 142 La. 673, 674, 77 So. 497; however, if they were natural children, as contended by plaintiff, they cannot inherit one from the other to the exclusion of the husband of decedent, under the provisions of Article 924 of the Revised Civil Code, which provide:
"Spouses — Inheritance inter se. — If a married man has left no lawful descendants nor ascendants, nor any collateral relations, but a surviving wife not separated from bed and board from him, the wife shall inherit from him to the exclusion of any natural child or children duly acknowledged. *Page 652 
"If, on the contrary, it is the wife who died without leaving any lawful descendants, ascendants, or collateral relations, her surviving husband not separated from bed and board from her, shall not inherit from her, except in case she should leave no natural child or children by her duly acknowledged."
It is true that Article 923 of the Revised Civil Code provides, "If the father and mother of the natural child died before him, the estate of such natural child shall pass to his natural brothers and sisters, or to their descendants."
But this Article is subject to the exception made in favor of the surviving spouse by Article 924 which provides that the husband of a wife who died without leaving any lawful descendants, ascendants, or collateral relations, shall inherit from her provided she has not left any natural child or children by her duly acknowledged. Victor v. Tagiasco's Ex'r, 6 La. 642; Succession of Ducloslange, 2 La.Ann. 98; Duplessis v. Young, 11 La.Ann. 120; Succession of Falla, 4 La.App. 10; In re Nereaux's Estate, 112 La. 572, 36 So. 594; Succession of Young,166 La. 285, 117 So. 150.
We therefore conclude that the exceptions of no cause and no right of action should have been sustained below and they are now sustained and plaintiff's suit is dismissed.