FRUGE, Justice (ad hoc).
Corenthia Youngblood Thompson, born out of wedlock, died intestate. The claimants to her estate are Emaline Lewi's Banks, her mother, and Willie Thompson, her surviving husband. The district court rendered judgment in favor of the surviving husband and the mother has perfected this appeal.
Emaline Lewis Banks is claiming the estate under Article 922 of the Louisiana Statutes Annotated-Civil Code which provides as follows:
“Art. 922. The estate of a natural child deceased without posterity, be *998 longs to the father or mother who has acknowledged him, or in equal portions to the father and mother, when 1 he has been acknowledged by both of them.”
Emaline Lewis Banks had acknowledged Corenthia Youngblood as her child in conformity with Article 203 of the Louisiana Statutes Annotated-Civil Code. This acknowledgment had the effect of changing the status of Corenthia Young-blood from an illegitimate child to that of a natural child. State v. De Lavallade, 1949, 215 La. 123, 39 So.2d 845. It also had the effect of giving Emaline Lewis Banks a right to the estate of the natural child deceased without posterity by virtue of Article 922 of the Louisiana Statute Annotated-Civil Code, supra.
Willie Thompson, however, claims the estate under Article 924 of the Louisiana Statutes Annotated-Civil Code, which provides as follows:
"Art. 924. If a married man has left no lawful descendants nor ascendants, nor any collateral relations, but a surviving wife not separated from bed and board from him, the wife shall inherit from him to the exclusion of any natural child or children duly acknowledged.
“If, on the contrary, it is the wife who died without leaving any lawful descendants, ascendants, or collateral relations, her surviving husband not separated from bed and board from her, shall not inherit from her, except in case she should leave no natural child or children by her duly acknowledged.”
His contention is that as the deceased left no natural child or children by her duly acknowledged, he takes the estate to the exclusion of her natural mother.
While this Court has not heretofore decided a contest between a natural mother and a surviving husband for the estate of a natural child deceased without posterity, it has decided the contest between a natural brother or sister and a surviving spouse for the estate of a natural child deceased without posterity. Article 923 which provides the right of the natural brothers and sisters to inherit in the estate of a natural child whose mother and father predeceased him is a companion article to Article 922. If this right given to the natural brothers and sisters by Article 923 is qualified by the right given to the surviving spouse by Article 924, then by analogy, the right given to the natural mother by Article 922 would also be qualified by the right given to the surviving spouse by Article 924.
The first case before this Court in which the question of whether the surviving spouse was to be preferred as a successor over the natural brother of the deceased was that of Victor v. Tagiasco’s Ex’r, 6 La. 642, decided in 1834. The Court of Probate had decided the question in favor *1000 of the surviving husband. On appeal, this Court declared:
“The Court of Probates has thought that the article being clear and free from ambiguity, and the plaintiff having brought himself clear within it, his pretensions could not be resisted: that the article 918 could only be reconciled with the preceding by being considered as an .exception thereto; and that it could be more easily reconciled with it, than with the article 923.
“On the part of the appellant we have been referred to the works of several French authors on the construction and interpretation of several articles of the Napoleon Code which are similar to those of the La.Code, relied on in this case, and which are considered to bear very great analogy to the latter. S. Tissandier 385 No. 1945. Favard de L’Anglade des successions 154. Rogrion on article 766 de Code Napoleon. 4 Toullier 280 No. 269 3 Duranton livre 3, titre 1.
“It has appeared to us that the Court of Probates did not err. In our legislation the surviving wife is preferred to all * * * the natural relations of the husband, and he to all her natural relations except those in the descending line. La.Code 918 and 913. It is true some provision is made for natural brothers and sisters and their descendants, lb. 917; to which an exception is made for the surviving wife or husband. Ib. 918. If in order to place either of these in the situation the legislator has clearly assigned them natural brothers and sisters, or their descendants are in certain cases postponed to the former; Courts of Justice merely comply with the will of the legislator in giving to the surviving spouse his legitimate rank.”
This principle was reaffirmed in Succession of Ducloslange, 1847, 2 La.Ann. 98, Duplessis v. Young, 1856, 11 La.Ann. 120, and In re Nereaux’s Estate, 1904, 112 La. 572, 36 So. 594.
If the will of the legislator was clear we would have no difficulty in complying with it, in giving to the surviving spouse his “legitimate” rank. But the question of preference is not clear to us. While it is true that either Article 922 or Article 924 must yield to the other, neither our Code nor our jurisprudence contains sufficient reason for us to decide which must yield.
In turning to the articles of the Code Napoleon of 1804 and to the works of several French commentators on the construction and interpretation of several articles similar to our own, we find that the French have qualified their Article 924, C.N.1804, Art. 767, by their Article 922, C.N. 1804, Art. 765, and have given the natural mother and father a right of inheritance equal to the position which the lawful mother and father enjoy ift the succession of a legitimate child. And this, the French say, is as it should be, for wheii the natural *1002 mother or father has acknowledged their child they have fulfilled the duties of nature, and deserve to enjoy all the rights of parenthood. Tissandier, Traite méthodique et complet (1863), T. 8, p. 285, Sec. 1944. As concerns the right of the surviving spouse, the French say that no matter how close may have been the bond which united the surviving spouse to the deceased, he or she belongs to a foreign family, has rights of succession in that family, and should not have rights in another except where there does not exist any relative. Rogron, Les Codes Frangais Expliqués, (3e éd.1847), T. 1, p. 135, n° 767.
We are inclined to agree with the French in the interpretation of these articles. Articles 917, 924, and 929 set forth the classes of irregular successors and their order of preference. Articles 922 and 923 are more in the nature of special legislation in relation to the successions of natural children who die without posterity. While the preceding article (921) reiterates the principle that natural children have no right of inheritance to the estate of the legitimate relations of their father or mother, nevertheless, by the provisions of Article 923 the law grants to natural brothers and sisters, or to their descendants, the right to inherit the estate of a natúral child whose mother and father have predeceased him — the implication necessarily being that in such case the natural child has herself left no natúral children, dúly acknowledged, who would inherit according to the terms of Article 918. It follows that Article 924 must be construed with reference to the preceding articles, and that these provisions of our Code “may be regarded as one continuous act of legislation in pari materia.” See Layre v. Pasco, 5 Rob. 9; Laclotte’s Heirs v. Labarre, 11 La. 179.
For these reasons we feel that the right of the natural mother is to be preferred to the right of the surviving husband. We do not agree with the analysis given in Victor v. Tagiasco’s Estate, supra, reaffirmed in Succession of Ducloslange, supra, and therefore choose not to follow it.
As pointed out by the trial judge in his reasons for judgment: “There is no showing as to whether the property, both real and personal, described in the Succession of Corenthia Youngblood Thompson, was owned by decedent in community with her husband.” Consequently he did not decide, nor did he pass judgment on the rights of claimants to the decedent’s interest in the community property, being of the opinion that “it makes no difference whether the property was the separate estate of decedent or owned by her in community with her surviving husband. Whatever her interest in the property * * * would go to the husband and not to the natural mother.”
For the reasons assigned the judgment of the lower court insofar as it decrees “that Willie Thompson is recognized as the sole *1004 heir at law of the said Corenthia Young-blood Thompson, deceased, and as such he is the owner of all of the property of whatever kind or nature depending upon this succession, and' he is sent and put into possession of the samé” is annulled and set aside; and it is now ordered and adjudged that Emaline Lewis Banks is decreed to be the owner of the “estate” of Corenthia Youngblood Thompson, deceased.
It is further ordered that the case be remanded to the lower court to determine what portion of the estate is separate property of the deceased and what portion belongs to the community formerly existing between the decedent and Willie Thompson and to render judgment sending the proper parties in possession thereof in accordance with law and not inconsistent with the views herein expressed.
Costs to be paid out of the mass of the estate.